Burns, Executor, *et al. v.* Travis *et al.*

------

No. 12,981.

## BURNS, EXECUTOR, ET AL. *v.* TRAVIS ET AL.

WILL.—*Revocation.*—*Contest After Probate.*—*Bond.*—Where, after a will has been admitted to probate, a verified complaint is filed, alleging that the will had been revoked by the execution of a later will and that its admission to probate was unlawful, and praying that the probate thereof be annulled and the later will admitted to probate, such proceeding is, in legal effect, an application to contest the will, within the meaning of section 2597, R. S. 1881, and can not be maintained unless a bond is filed as required by that section.

SAME.—*Estoppel.*—The probate of a former will can not be pleaded in estoppel of an application to admit a later will to probate, unless the applicant has had such a connection with the former will, or the probate proceedings upon it, as to estop him from denying its validity.

SAME.—*Effect of Probate.*—The *ex parte* probate of a will ascertains nothing

but the *prima facie* validity of the instrument, and that it is seemingly what it purports to be on its face.

SAME.—*Revocation.*—If a will, duly subscribed and attested, expressly revokes all prior wills executed by the testator, it is valid for that purpose, under section 2559, R. S. 1881, whether it is effectual as a testa· mentary disposition of property or not.

SAME.—*Joinder of Causes.*—It is proper to join with an application for the admission of a later will to probate, a demand that the probate of a former will be set aside.

From the Shelby Circuit Court.

*J. Harrison, R. W. Harrison, B. F. Love, A. Major* and *H. C. Morrison,* for appellants.

*T. B. Adams, L. T. Michener* and *J. A. Tindall,* for appellees.

NIBLACK, C. J.—On the 14th day of March, 1885, Catharine Travis, late of Shelby county, executed and published an instrument in writing purporting to be her last will and testament, by which she assumed to devise all her real estate to her daughter, Jennie Burns, and to bequeath to her other children, Joseph W. Travis, Frank Travis, Leonard Travis and Lutheria Odell, all of her personal estate, to be equally divided between them, and in which she named Solomon T. Burns as her executor.

On the 25th day of the same month she died, and two days later the execution of the instrument in writing in question was duly proven in open court, and it was admitted to probate as her last will and testament. Letters testamentary were thereupon issued to the said Solomon T. Burns, who was the husband of the devisee, Jennie Burns.

On the 26th day of May, 1885, Joseph W. Travis and Frank Travis filed in the court below their complaint, in the form of a petition, setting forth the facts substantially as above stated, and averring that Catharine Travis had, on the 23d day of March, 1885, executed and published another will in due form of law, which was made an exhibit accompanying the petition, and by which the will previously executed by her,

as stated, on the 14th day of the same month, was revoked; also averring that by reason of the premises such former will was void, and the probate thereof was unlawful.   Wherefore the petitioners demanded that the probate of such former will should be set aside and annulled; that the letters testamentary issued to the said Solomon T. Burns should be revoked, and that the will presented by and accompanying the complaint should be admitted to probate as the last will and testament of Catharine Travis.

The said Solomon T. Burns and Jennie Burns were made defendants to the proceedings, and the complaint was duly verified.

No bond was filed, as required by section 2597, R. S. 1881, in case of the contest of a will after the probate thereof, and for that reason the defendants moved to dismiss the complaint, but their motion was overruled.   They then moved to strike out of the complaint all that referred to the former will so executed on the 14th day of March, 1885, and to the proof and admission to probate thereof, upon the ground that such matter was irrelevant and improper as incidental to an application to have a subsequent will admitted to probate, and that motion was sustained.

The defendants thereafter answered the complaint as thus eliminated, setting up the execution and probate of the former will in estoppel of the application to have the alleged subsequent will proven and admitted to probate, to which a demurrer was also sustained.   Issue being otherwise joined, the circuit court heard the evidence and made a finding that the instrument in writing presented by, and accompanying, the complaint was the last will and testament of the decedent, Catharine Travis, and ordered the same to be admitted to probate and entered of record as such last will and testament.

Questions were reserved below, and are pressed here, upon the overruling of the motion to dismiss the complaint for want of a bond to secure a prosecution of the suit and the payment of costs, and upon the sustaining of the demurrer

to the answer in estoppel of the proceedings upon the complaint.

Section 2595, R. S. 1881, provides, in effect, that any person interested in the estate of the decedent may file objections to the admission of a will to probate, and, through the medium of such objections, cause the validity of the will to be contested. The two succeeding sections are as follows:

Sec. 2596. "Any person may contest the validity of any will, or resist the probate thereof, at any time within three years after the same has been offered for probate, by filing in the circuit court of the county where the testator died, or where any part of his estate is, his allegation, in writing, verified by his affidavit, setting forth the unsoundness of mind of the testator, the undue execution of the will, that the same was executed under duress or was obtained by fraud, or any other valid objection to its validity or the probate thereof; and the executor and all other persons beneficially interested therein shall be made defendants thereto."

Sec. 2597. "Before any proceedings shall be had on an application to contest a will after probate thereof, the person making the same, or some other person in his behalf, shall file a bond, with sufficient sureties, in such amount as shall be approved by the clerk of such circuit court, conditioned for the due prosecution of such proceedings and for the payment of all costs thereon in case judgment be awarded against him."

The execution of a new will making another and inconsistent disposition of the testator's property operates as a revocation of a former will disposing of the same property, and this is so whether the former will is expressly revoked by the later one or not. Schouler Ex'rs and Adm'rs, section 82; 1 Jarman Wills, 336; *State, ex rel.,* v. *Crossley,* 69 Ind. 203.

A will may become operative as a revocation of a former will, although inoperative in other respects. *Laughton* v. *Atkins,* 1 Pick. 535.

A revoked will is an invalid will, and hence it is a sufficient objection to a will, as well as to the probate of it, when it has been admitted to probate, that it has been revoked, whether expressly or impliedly. It follows that the revocation of a will affords good cause for contesting the validity of such an instrument, as well as resisting or setting aside the probate of it under section 2596, above set out. The allegation, therefore, of the complaint of the appellees, that the will which was already admitted to probate had been revoked by the execution and publication of a later will, and that by reason of this fact its admission to probate was unlawful, was an attack both upon the validity of the will and the probate, and amounted .in legal effect to an application to contest the will, within the meaning of section 2597 of the statutes, to which we have referred. As has been seen, the complaint sought further relief by the admission of the later will to probate, but the right of the appellees to this further relief was dependent upon their ability to show that the former will had been revoked, and hence, because the complaint contained other matters, it was none the less a verified application to contest the validity of a will which had been admitted to probate.

The circuit court consequently erred, either in refusing to dismiss the complaint for want of a bond, as is provided by section 2597, or in failing to require the filing of such a bond before proceeding further. *Coffman* v. *Reeves*, 62 Ind. 334; *Kinnaman* v. *Kinnaman*, 71 Ind. 417.

In the very nature of the proceeding, the probate of a former will can not be pleaded in estoppel of an application to admit a later will to probate, unless the applicant has had such a connection with the former will, or the probate proceedings upon it, as to estop him from denying its validity. There was nothing in the answer to which the demurrer was sustained in this case which showed, or tended to show, such an estoppel as against the appellees. In conse-

quence, the circuit court did right in holding that the answer was bad upon demurrer.   *Martin* v. *Perkins,* 56 Miss. 204.

Schouler, *supra,* at section 82, says that "Any distinct will propounded for probate, which appears to have been executed as the statute requires, and preserved intact, is presumed to express the testator's last wishes; but this presumption may be rebutted by the production of a later will, or other evidence of a contradictory nature."

The *ex parte* probate, therefore, ascertains nothing but the *prima facie* validity of a will, and that the instrument is seemingly what it purports to be on its face. *Ex parte Fuller,* 2 Story, 327.

Cross-error is assigned upon the striking out of the complaint all that pertained to the former will and the probate of it, as hereinabove stated.

There was no inconsistency between the two kinds of relief demanded by the complaint.   Both belonged to the same jurisdiction, and both had relation to the subject-matter of the estate of the testatrix, already in charge of the court. There was, therefore, no misjoinder of causes or surplusage of averments.   For these reasons the cross-error is well assigned.

The further point is made that the new will makes, or rather attempts to make, only the same disposition of the testatrix's estate which the law would make of it in the event that she had died intestate, and that it is for that cause inoperative as a testamentary instrument, or for any other purpose.   Without examining, or intimating any opinion as to, the question of the efficiency of the instrument as a testamentary disposition of property, it is sufficient to refer to the fact that the first clause of the instrument, as an independent proposition, expressly revokes all wills then recently made by the alleged testatrix, and that the instrument purports to have been duly subscribed and attested.   This makes the instrument, at all events, a valid revocation in writing of the

former will, within the provisions of section 2559, R. S. 1881.

No question was made below upon the defect of parties to the complaint, and hence no such question is presented here. It is worthy of note, however, that all the persons interested in the property of the testatrix were not made parties, as required by section 2596 of the existing statutes, to which reference has been made.

As the first error was committed in favor of the appellees, the judgment will be reversed, at their costs. .Reversed accordingly.

Filed Oct. 9, 1888; petition for a rehearing overruled Feb. 20, 1889.

