BARTLETT ET AL. *v.* MANOR ET AL.

[No. 17,835.   Filed January 27, 1897.]

WILLS.—*Setting Aside a Will and Establishing Lost Will, Enforced in Same Proceeding.*—While the right to set aside a will and its probate is given by statute, and the right to establish a lost or destroyed will is of equitable cognizance, yet both rights may be enforced in one proceeding.   *p. 623.*

SAME.—*Substitution of Unprobated Will for Probated Will.—Contest.—Limitations.*—A proceeding to substitute one will, not probated, for another which has been probated, involves the contest of the latter will, and must be commenced by the filing of complaint or petition within three years after such latter will has been offered for probate, as provided by section 2766, Burns' R. S. 1894.

From the Delaware Circuit Court. *Affirmed.*

*J. N. Templer, E. R. Templer, R. S. Gregory* and *A. C. Silverburg,* for appellants.

*Ryan & Thompson,* for appellees.

HACKNEY, J.—The appellants, heirs of James L. Bartlett, instituted this proceeding in the circuit court against the appellees, heirs of Mary A. Watt.

The amended complaint alleged that in the year 1855 said James L. Bartlett, by the provisions of his will then executed, devised the lands in controversy in fee-simple to his wife, Mary A. Bartlett, who, after his death, married one Watt; that in the year 1861 said James executed another will, in which he devised to said Mary an estate in said lands for life and revoked the will of 1855; that said Mary was given the custody of said two wills, which she held until after the death of said James, when, in 1861, she offered the will of 1855 for probate in the office of the clerk of the common pleas court of Delaware county, and made proof of the execution thereof by the affidavit,

taken before said clerk, of one of the attesting witnesses, and caused the said will and proof to be recorded in the proper record of wills in said office. There were allegations of the fraudulent concealment by the said Mary of said will of 1861; the ignorance of its existence by the appellants; the death of its attesting witnesses and the scrivener who drew it, and the discovery of its execution before this proceeding was instituted, in June 1892.

The relief sought was the overthrow of the will of 1855, with the steps taken in probate thereof, and the establishment and probate of the alleged will of 1861.

The circuit court overruled demurrers by the appellants to answers by the appellees, alleging that the cause of action sued upon did not accrue within the three years next preceding the bringing of the action. That ruling presents the only question for decision by this court.

There is much said by counsel of the theory of the case, as presented by the complaint, the principal difference between them relating to the inquiry as to whether the establishment and probate of the will of 1861 was the primary and controlling element of the cause of action, with the cancellation of that of 1855 together with the probate thereof as the mere incident, or that the contest of the validity of the will of 1855, with the probate thereof, was the essential feature of the cause and the establishment of the later will as an incident.

The right to set aside a will and its probate is given by statute, Burns' R. S. 1894, section 2766 (R. S. 1881, 2596), and the right to establish a lost or destroyed will is of equitable cognizance and has statutory recognition only in respect to the proof required, the record of the decree and the restraining of proceedings in relation to the estate pending the litigation.

Burns' R. S. 1894, section 2777 *et seq; Wright* v. *Fultz,* 138 Ind. 594. This latter right, however, is as firmly settled as the former. No question is here made but that the two rights may be enforced in one proceeding, and that they may, has been recognized by this court as proper. *Burns* v. *Travis,* 117 Ind. 44; *Roberts* v. *Abbott,* 127 Ind. 83; *McDonald* v. *McDonald,* 142 Ind. 55.

Assuming the right to so proceed, the essential purpose and object of the complaint was to substitute for one will and its probate, another will and to secure the probate thereof.

The right of substitution involved the overthrow of the will of 1855 as clearly and as certainly as it involved the establishment of that of 1861; both were essential elements of the cause of action, and neither could have been held merely an incident to the other in pleading the facts and outlining the theory of the action. Both were of the essence of the single definite theory upon which the pleading proceeded to the attainment of the one object, that of substituting one will and its probate for another.

This conclusion is of vital importance in passing upon the sufficiency of the answers in question, since it must bring before us a consideration of the limitation which applies to an action to set aside the probate of a will and overthrow such will. If the primary question were the establishment of the will of 1861, and the other question were but an incident and not essential to the theory of the action, we would have but little consideration of any such nonessential incident.

It has been distinctly decided by this court that a proceeding to substitute one will, not probated, for another, which has been probated, involves the contest of the latter will and requires an observance of the rules of procedure declared by statute. *Burns* v.

*Travis, supra.* That holding necessarily involves an adherence to the conclusion we have reached, that the theory of the case includes as one of its primary features the overthrow of the will of 1855 and its probate. If, as there held, such an attack upon the probated will is a contest thereof, we must look to the statutory provisions governing contests to learn if the limitation pleaded is there provided. Chapter 9, Art. 3, sections 2765-2776, Burns' R. S. 1894, include the provisions governing the contest of wills and their probate, prescribing in detail the procedure throughout.

Section 2766 provides that "Any person may contest the validity of any will, or resist the probate thereof, at any time within three years after the same has been offered for probate, by filing in the circuit court * * * his allegation, in writing, verified by his affidavit, setting forth the unsoundness of mind of the testator, * * * or any other valid objection to its validity or the probate thereof. * * *"

Appellants' learned counsel expressly concede that under this provision the right to contest a will or the probate thereof is only given upon the condition or limitation that the complaint or petition be filed within three years after the will has been offered for probate; but they insist that by section 301, Burns' R. S. 1894, the limitation was extended. That section provides that a cause of action which has been concealed may be prosecuted within the period of limitation after discovery. It is, however, a part of the general code and one of numerous sections providing the limitation of actions under the code. One of said sections, Burns' R. S. 1894, section 295, provides that "In special cases, where a different limitation is prescribed by statute, the provisions of this act shall not apply." It would seem, therefore, that by legislative declaration, the limitation prescribed by section 2766,

*supra,* is not extended by said section 301. However, it is fully established that when a right is given and the procedure for its enforcement is provided by a special statute, the procedure so provided excludes resort to another or different procedure. *Harrison Nat. Bank* v. *Culbertson,* (Ind. Sup.), 45 N. E. 657; *Edgerton* v. *Huntington School Tp.,* 126 Ind. 261; *Ryan* v. *Ray,* 105 Ind. 101; *Storms* v. *Stevens,* 104 Ind. 46; *Fisher* v. *Tuller,* 122 Ind. 31.

Of this proposition counsel for the appellants say: "We are free to admit that in Indiana this doctrine seems to be advocated by this court in the *Fisher* v. *Tuller* case, *supra;* in other words, our Supreme Court seems to have laid down the rule that if the statute which gives the right of action contains its own limitations no exceptions can be ingrafted upon it by the courts, but that the law must be applied as it is written, and we take this to mean that the exceptions contained in the general statute of limitations, heretofore referred to, do not apply to such cases." Counsel make this concession consistent with their contention that section 301, *supra,* extends the period of limitation by their insistence that the cause of action alleged in the complaint is primarily for the establishment of a lost or destroyed will, the right to which action is not given by the special statute for the contest of wills and their probate, and the procedure for which is governed by the civil code. If the premises assumed were correct the conclusion would seem to follow; but from what we have said of the theory of the action, but little remains to demonstrate that the premises so assumed are not correct.

It is manifest that for the repose of titles by devise, the legislature included in the provisions of section 2766, *supra,* the requirement that the contest of a will

Vol. 146—40

or of its probate should be instituted within three
years from the time of offering the will for probate.
This wise object so clearly manifested cannot be
lightly passed over or set aside, but we must give it
full force without ingrafting conditions upon it. The
will of 1855 is conceded to have been genuine, and the
allegations of the complaint do not deny the efficacy of
the proof and recording to constitute a legal probate.
This being true, regarding section 2766, *supra*, as clos-
ing the door against contest, and accepting the holding
of *Burns* v. *Travis, supra*, that contest is here involved,
we meet with an insurmountable obstacle to the
recognition of the relief sought by the appellants. As
long as the bar stands against the contest we have a
barrier against establishing a will to substitute for it.
Substitution includes as much the overthrow of one
as the proof that another existed; the relief sought
includes both, and neither demand can stand without
the other. Since contest is forbidden, and the will of
1855, with its probate must stand, substitution be-
comes impossible.

If this result can be said to be a hardship, consider·
ing the importance of the reasonable security of titles
and the possibility of fraudulent concealment of later
wills, the hardship must be due to the failure of the
legislature to ingraft an exception upon the limita-
tion of section 2766, *supra*. The courts are powerless
to create an exception, but if they had such power
they would be confronted with a serious question of
the wisdom of exercising it, since the repose of titles,
the possible fraudulent concealment of a last will re-
voking a former which is probated, and the equally
possible fraudulent creation, by parol, after more than
thirty years of repose, of a substituting will, would
call for a cautious hesitancy before taking the step.

In *Fisher* v. *Tuller, supra*, this court refused to ex-

tend, on account of fraud, the period of limitation created by a special statute, in the absence of exception, and held that notwithstanding the fraud no power existed in the courts to ingraft an exception upon the statute. It is true that this holding was with reference to a purely legal liability, involving no equitable demand, but it rested upon a special statute containing a special limitation.

That section 301, *supra*, extending, on account of concealment, the period of limitation provided in that special statute, could not be considered as affecting the question is manifest, not only from the provisions of section 295, *supra*, denying its application, but from the rule which holds the limiting provisions of such special statutes to be of the essence of the right, rather than to simply cut off the remedy, as with general statutes of limitation. This rule is stated in 13 Am. and Eng. Ency. of Law, p. 689, as follows: "Where time is of the essence of the right created, and the limitation is an inherent part of the statute or agreement under which the right in question arises, so that there is no right of action independent of the limitation, * * *. Such special limitations extinguish the right rather than affect the remedy." This statement of the rule is supported by *The Harrisburg*, 119 U. S. 199; *Taylor* v. *Cranberry Iron, etc., Co.*, 94 N. C. 525; *Finnell* v. *Southern, etc., R. W. Co.*, 33 Fed. 427; *Hudson* v. *Bishop*, 32 Fed. 519, 35 Fed. 820; *Smith* v. *Tripp*. 14 R. I. 112.

Such statutes are not extended by disability or fraud. 13 Am. and Eng. Ency. of Law, p. 690; *Taylor* v. *Cranberry Iron, etc., Co., supra; Suggs* v. *Insurance Co.*, 71 Texas 579, 9 S. W. 676, 1 L. R. A. 847; *Cochran* v. *Young*, 104 Pa. St. 333; *Luther* v. *Luther*, 122 Ill. 558.

The last two cases involves the contest of probated wills instituted after the period within which the

right to contest was given. See also *Spicer* v. *Hock-man*, 72 Ind. 120; *Horton* v. *Hastings,* 128 Ind. 103; *Potts* v. *Felton,* 70 Ind. 166, holding that a special right given by law to be exercised within a time or manner prescribed is exclusive as to such time or manner.

It cannot be seriously questioned that our statute of wills is special with reference to the right of contest, that it creates a right not existing in its absence, and that the right is given upon the condition that it be exercised within three years. As to this right it cannot be doubted, we think, that the general statute of limitations has no effect. Nor do we think that the rules of equity as applied to general statutes of limitation, where the right sought to be enforced is of equitable cognizance or is of concurrent jurisdiction of both law and equity, may be applied to the right to contest a will so as to lift the case out of the special limitation. That right is, as we have indicated, one of purely legal origin and is given upon a condition not extended by any exception, and an exception interposed from any supposed equitable considerations would deny the force of the statute and ascribe to equitable jurisdiction a power to control the exercise of a purely legal right, notwithstanding the expressed inhibitions of the law granting such legal right. We do not understand the learned counsel for the appellants to contend that such overruling power exists in equity, but we understand them to insist that considering this action to relate to the establishment of the will of 1861, a question of equitable jurisdiction, the rules of equity, in view of the alleged fraud, would extend the right of action or suspend the period of limitation until the discovery of the fraud.

The case before us, however, presents, as we have shown, the assertion of an equitable right dependent upon a legal right which has been lost by delay be-

yond the period in which the right is given. It is not a case of concurrent legal and equitable jurisdiction, nor of exclusively equitable cognizance. It is a case where a legal right and an equitable right are sought to be blended and enforced under our practice where the distinction between actions at law and in equity is abolished; but such blending fails because the legal right has lapsed and has existence no more than if it had never been created.

The ruling of the lower court was right, and the judgment is affirmed.

MONKS, J., was not present.