Davis J.
Several points of controversy are developed in the record of this case; but in our opinion the determining factor is a single question as to the application of the statute of limitations.
The defendant in error began this action in the court of common pleas, by petition filed on August 13, 1902, thirteen months after discovery of the alleged frauds and more than two years after she became of age. In this action the defendant in error seeks to set aside, on the ground of fraud, certain partial settlements and the final settlement *110 made by her guardian in the probate court. The guardian demurred to the petition on the ground that the action was not brought within the time limited for the commencement of such actions. The court of common pleas dismissed the petition and rendered judgment for costs against the plaintiff below, defendant in error here, and on appeal the circuit court overruled the demurrer to the petition and gave judgment against the guardian as prayed.
It is argued in support of the judgment rendered by the circuit court, that the general statute of limitations governs this case and that therefore, notwithstanding the provisions of Section 6289, Revised Statutes, the right to commence this action could not be barred until the expiration of four years from the discovery of the fraud.
Before the amendment of the statute into the form now embodied in Section 6289, Revised Statutes, this court held that every settlement made by a guardian is final between the guardian and ward, “unless an appeal is taken therefrom, or the settlement is opened, in accordance with the provisions of this section.” Woodmansie v. Woodmansie, 32 Ohio St., 18. It is true that the controversy did not arise in the exact form that it does in this case; but the essential question was the same as here, namely, are the settlements conclusive between the guardian and ward unless they are “opened in accordance with the provisions of this section?” The conclusion, which was reached in the cited case after a careful review of the statutes relating to this subject, necessarily *111 means, to quote from the statute, that there is saved to the ward “the right of opening and reviewing such settlement for fraud or manifest mistake * * * at any time within two years after said ward shall arrive at age”; and that if the settlement be not opened within the time thus named it is final.
When Woodmansie’s case, supra, was decided, it might have been much more plausibly argued than it is now, that a suit in equity might be brought in the common pleas court at any time within four years from the discovery of the fraud. The statute then provided that the settlement might be opened for fraud or mistake “by petition filed in the form prescribed in the code of civil procedure of this, state, in the probate court,” etc. Since the probate court has only such jurisdiction as is provided by statute, it might have been argued that there were two concurrent remedies for the fraud, one in equity in the common pleas court within four years 'from the discovery of the fraud and one under the statute in the probate court within two years after the ward should arrive at age. Nevertheless, in Woodmansie’s case this court held that the guardian’s account was conclusive between the guardian and ward, unless opened in accordance with the provisions of the statute, which is now embodied in Section 6289.
But the line of argument presented for the defendant in error is absolutely untenable under the statute as it now reads. . Section 6289, Revised Statutes. The right of opening and reviewing such settlements must now be made effective by “civil action in the court of common pleas;” and whether *112 the action be at law or in equity it is a civil action. Section 4971, Revised Statutes. Now it is provided, Section 4976, Revised Statutes, that: “Civil actions can only be commenced within the periods prescribed in this chapter, after the cause of action accrues'; but where a different limitation is prescribed by statute, that shall govern.” By Section 6289 the ward must bring his civil action on the- ground of fraud or mistake within two years after arriving at full age. By Section 4976 every civil action upon the same ground and seeking the same relief must be governed by the particular statute.
“A wide distinction exists between pure statutes of limitation and special statutory limitations qualifying a given right. In the latter instance time is made an essence of the right created and the limitation is an inherent part of the- statute or agreement out of which the right in question arises, so that there is no right of action whatever independent of the limitation. A lapse of. the statutory period operates therefore, to .extinguish the right altogether.” 19 Am. & Eng. Ency. Law (2 ed.), 150. See also Chinn v. Trustees, 32 Ohio St., 236; Columbus, Springfield & Cincinnati Railroad Co. v. Mowatt, 35 Ohio St., 284; Fisher v. Tuller, 122 Ind., 31; Bartlett et al. v. Manor et al., 146 Ind., 621, 624-629.

Reversed and judgment for plaintiff in error.

Si-iauck, C. J., Price and Crew. JJ., concur.