STATE EX REL. DEAN ET AL. *v.* TIPTON CIRCUIT COURT, WHEATLEY, JUDGE.

[No. 30,075. Filed April 4, 1962.]

*L. Owen Bolinger,* of Kokomo, and *John S. Grimes,* of Indianapolis, for relators.

*Troy N. Hutto,* of Tipton, *Richard M. Givan* and *Donald E. Bowen,* both of Indianapolis, for respondents.

JACKSON, J.—This is an original action for an alternative writ of mandate and prohibition against the respondent court and the judge thereof. The relators seek to expunge from the record and quash a certain contempt judgment and sentence of the respondent court, to order the granting of a change of venue from the respondent judge, and further to prohibit said respondent court from taking further action upon a certain petition for intermeddling pending in said respondent court.

The factual situation leading to the case at bar may be summarized as follows:

Relators, J. Leroy Dean and Margaret Dean, husband and wife, allege they were in possession on

March 3, 1958, of a certain piece of land located in Howard County, Indiana, pursuant to a contract of sale entered into with the father of J. Leroy Dean and the holder of the record title, M. Omer Dean.

On March 3, 1958, one Maurice E. Dean was appointed administrator of the state of M. Omer Dean, deceased, by the respondent Tipton Circuit Court.

Thereafter said administrator filed with the respondent Tipton Circuit Court a "Petition to Determine Title" of the real estate in the possession of the relators herein and located in Howard County, Indiana. The petition alleged, *inter alia*, that the decedent, M. Omer Dean, about the year 1943, had entered into a parol contract with the relator, J. Leroy Dean, for the sale of said real estate to said J. Leroy Dean. In consideration therefor, J. Leroy Dean had given the decedent a promissory note or notes. On January 1, 1950, renewal notes were given by J. Leroy Dean due in one year from date. The petition further alleged that J. Leroy Dean had failed to pay any interest due on said notes since January 1, 1951, and had failed to pay any taxes due on said property, and has had possession of and received all income from the real estate since said time. Further, the petitioner, as administrator of the estate of M. Omer Dean, claimed title to the real estate for the estate of the decedent.

The relator, J. Leroy Dean, filed his answer to the petition wherein he denied any default on his part and prayed that the petitioner take nothing by his petition. In addition, relator filed a second paragraph of answer claiming title to the real estate and prayed that his title to the real estate be quieted.

Thereupon, the administrator filed his reply to relators' second paragraph of answer wherein the ad-

ministrator denied the relators' claim of title to the land.

After a hearing and having taken the matter under advisement, on July 11, 1959, the court entered its findings, *inter alia*, that the relator, J. Leroy Dean, should have title to the real estate in question, and that the administrator should execute a deed upon the payment, to the estate of M. Omer Dean, deceased, of the two promissory notes and the interest thereon executed by the relator for said property.

The court ordered that the amount owed by the relator, J. Leroy Dean, to the estate should be chargeable against the relator as an advancement of his inheritable share of the decedent's estate; that upon the relator and the administrator determining the difference between the relators' share of the estate and his advancement, and the adjustment of the difference, the administrator was ordered to execute to the relator a deed to the real estate. As a part of the order and judgment, the court stated that time was of the essence in the execution of its decree and the parties were given 45 days in which to effect the terms of the decree.

On September 9, 1959, the administrator of the estate of M. Omer Dean filed a petition for a citation against J. Leroy Dean praying that the relator herein be required to show cause why he has failed to comply with the order of the court dated July 11, 1959.

A hearing was had on September 30, 1959, on said petition for citation. Evidence was heard and the court found that J. Leroy Dean had not complied with the order of court of July 11, 1959, and that said J. Leroy Dean had stated that he could not and would not comply with said order. Therefore, the court

proceeded to set aside its order of July 11, 1959, and, the real estate therein involved was found to be a part of the estate of M. Omer Dean. The further order of the court provided for the cancellation of the promissory notes given by the relator, J. Leroy Dean, to the decedent, M. Omer Dean.

Subsequently Maurice E. Dean resigned as administrator of the estate of M. Omer Dean, deceased, and the Union State Bank of Windfall was appointed and qualified as successor administrator.

Thereafter, the successor administrator filed a petition to sell the real estate in controversy, which petition was approved by the respondent court. The land was sold and the sale was confirmed.

The administrator, on April 13, 1960, filed a petition for citation against the relators, J. Leroy Dean and Margaret Dean, for failure to make a proper accounting previously ordered by the respondent court on November 2, 1959, of the corn crop harvested on the land occupied by the relators, and for refusing to give possession to the purchaser of said land which had heretofore been sold by order of the respondent court. Summons was issued returnable April 22, 1960. On the same date said administrator filed his petition for authority to give possession of the land occupied by the relators to the purchaser for the planting of crops, this petition was immediately granted by the respondent court on the filing thereof.

On April 22, 1960, the relators each filed an affidavit for change of venue from the judge, such affidavits being overruled.

On June 20, 1960, the relators were found to be in contempt of the respondent court for their failure to comply with the order of said court dated April 13,

1960, and were sentenced to 90 days in the Tipton County Jail and fined in the sum of $100 each, all of which was suspended upon the good behavior of the relators.

Subsequently thereto relators filed their "Petition to Correct Record and to Quash and Set Aside Judgment and Sentence for Contempt of Court" specifically seeking to set aside the orders of the respondent court of July 11, 1959, pertaining to the "Petition to Determine Title" filed by the administrator of the estate of M. Omer Dean, deceased, and all orders entered subsequently thereto. Further, relators sought to set aside the finding and sentencing on the contempt charge. This petition was overruled by the court.

On February 23, 1961, the administrator filed against the relator, J. Leroy Dean, a "Petition for Citation for Intermeddling," asking the respondent court to require the relator to answer why he had converted the real estate in question to his own use. This matter has been taken under advisement by the respondent judge.

This original action has been brought by the relators as the culmination of the events above described. From the maze of facts in this case it appears that the relators make two main contentions: (1) The respondent Tipton Circuit Court, sitting as a probate court, had no jurisdiction to determine title to and right of posession of the real estate located in Howard County, Indiana. (2) When the relators filed their affidavits for change of venue from the judge, the respondent judge lost jurisdiction in the cause, and could not proceed to entertain contempt procedings since the granting of such changes are mandatory.

The respondent urges in his return to the petition for a temporary writ of mandamus and prohibition filed in this court, that such writ should not issue and that relator's petition for the writ should be denied. The reason given by the respondent which relates to one of the contentions urged by the relators as above set out will be considered.

It is the position of the respondent that the record fails to disclose a copy of the motion for change of venue from the judge, and as a result the relators "have not presented a record whereby this court can inquire into the sufficiency of the change of venue as actually presented, since relators have failed to bring a record upon which the court could in fact order the respondent court to change the venue."

The record shows an entry on the minutes of the respondent court for April 22, 1960, indicating that the relators had each filed affidavits for change of venue from the judge. The contents of the affidavits are not set out anywhere in the record brought up to this court.

Rule 2-35 of the Rules of this Court [1958 Edition] provides in part as regards original actions and the filing of petitions for writs of mandamus and prohibition as follows:

". . . If the relief sought relates to a proceeding in an inferior court certified copies of all pleadings, orders and entries pertaining to the subject matter should be set out in the petition or made exhibits thereto. . . ."

This rule has been construed to require only such copies of pleadings, orders and entries in the proceed-

ing so as "to file a sufficient record to fairly present the question raised." *State ex rel. Ferger* v. *Circuit Ct.* (1949), 227 Ind. 212, 216, 84 N. E. 2d 585.

In considering the sufficiency of the record in the case at bar regarding the requested change of venue, it should be noted that in *State ex rel. Young* v. *Niblack* (1951), 229 Ind. 509, 515, 99 N. E. 2d 252, it was held:

> "This court cannot properly mandate a change of venue from the county on an insufficient application therefor."

This language would be equally applicable to an application for change of venue from the judge since the exercise of the right of change of venue is statutory.[1] *State ex rel. Young* v. *Niblack, supra.* It has been stated:

> "A writ of mandamus is an extraordinary writ which can be issued only to compel the performance of a clear legal duty. The pleadings must show that the duty of the respondent to perform the act is absolute and imperative. . . ." *State ex rel. Thompson* v. *Rhoads* (1946), 224 Ind. 136, 140, 65 N. E. 2d 248.

It therefore follows that if copies of the affidavits for changes of venue from the judge are not included in the record,[2] this court cannot determine if they were sufficient to impose a clear legal duty to act so that mandamus would lie.

---

1. Acts 1881 (Spec. Sess.), ch. 38, §255, p. 240, being §2-1401, Burns' 1946 Replacement, lists the causes for change of venue which must be shown by affidavit.

2. An imperfection in the transcript cannot be cured by this court indulging in inference or presumptions. *Petty, Executrix, etc.* v. *Friel* (1960), 240 Ind. 572, 576, 167 N. E. 2d 345.

In conformity with the above reasoning we conclude that the relief sought in the present case, relating to the requested change of venue from the respondent judge must be denied.

Although a portion of the relief sought by the relators herein cannot be granted because the record on this point does not fairly present the question raised, there is sufficient compliance with Rule 2-35 of the Indiana Supreme Court in the record before us to consider relator's further application for an alternative writ of mandamus and prohibition to expunge from the record certain judgments and to confine the respondent court to its lawful jurisdiction.

The general rule is that actions affecting real estate must be brought in a court of competent jurisdiction in the county where the real estate is located. Acts 1881 (Spec. Sess.), ch. 38, §30, p. 240, being §2-701, Burns' 1946 Replacement.

It is also provided by statute that "[t]he court granting the letters [testamentary] shall have exclusive jurisdiction of all matters touching the settlement and distribution of the estate whereon said letters shall have been granted." Acts 1881 (Spec. Sess.), ch. 45, §1, p. 423, being §6-151, Burns' 1953 Replacement.

Further, the probate code provides that the first legaly instituted proceedings for the administration and settlement of a decedent's estate embraces all of the decedent's property in the State. Acts 1953, ch. 112, §701, p. 295, being §7-101 (b), Burns' 1953 Replacement.

In the case at bar the administrator filed in the respondent Tipton Circuit Court a petition entitled "Petition to Determine Title" to the real estate in the

possession of the relators herein and located in Howard County, Indiana. The relators answered denying in substance the material allegations of the petition and in a second paragraph of affirmative answer sought to have the respondent court quiet their title to the land in dispute.

It appears that the administrator was proceeding under Acts 1953, ch. 112, §1310, p. 295, being §7-710, Burns' 1953 Replacement, when he filed his "Petition to Determine Title" to the land in the possession of the relators, but claimed by the estate. Said statute provides, in pertinent part, as follows:

> "Upon the filing of a petition by the personal representative or any other person interested in the estate alleging that any persons has . . . possession . . . of any such property [belonging to the estate] . . ., the court having probate jurisdiction, upon such notice as it may direct, may order such person to appear before it for disclosure, and may finally adjudicate the rights of the parties before the court with respect to such property. . . ."

Relators question whether the respondent court had jurisdiction over the subject matter, when the land in question was located in another county, although the relators themselves affirmatively sought to have the respondent court quiet their title to the land.

> Relators correctly contend that jurisdiction of the subject matter cannot be waived and may be ■ raised at any time. *State ex rel. Ayer* v. *Ewing* (1952), 231 Ind. 1, 10, 106 N. E. 2d 441.

It is submitted that the question involved here is one of venue rather than jurisdiction.

Jurisdiction has been defined as "the legal power, as distinguished from the right, to entertain any matter or proceeding, and to act therein." *State ex rel. Wilson, etc.* v. *Howard Cir. Ct., etc.* (1957), 237 Ind. 263, 267, 145 N. E. 2d 4.

Venue is the geographical location where the particular case should be tried. 92 C. J. S., Venue, §1, p. 667.

Jurisdiction has been held to embrace three essential elements in this State: "(1) jurisdiction of the subject matter, (2) jurisdiction of the person, and (3) jurisdiction of the particular case." *State ex rel. Johnson* v. *Reeves, Judge, etc. et al.* (1955), 234 Ind. 225, 228, 125 N. E. 2d 794.

Since the respondent court had jurisdiction of the class of cases to which the case at bar belongs, it had jurisdiction of the subject matter of the action herein. *State ex rel. Johnson* v. *Reeves, Judge, etc. et al., supra.*

There is no question that the respondent court had jurisdiction of the person, in as much as the relators filed their answer to the petition, and, in addition, sought affirmative relief from said court. *State ex rel. Johnson* v. *Reeves, Judge, etc. et al., supra.*

In regard to jurisdiction of the particular case, this Court has stated that timely and specific objection must be made to the lack of jurisdiction over the particular case where the court has jurisdiction of the general class of cases (*i.e.,* subject matter), otherwise the objection is waived. *State ex rel. Johnson* v. *Reeves, Judge, etc. et al.*

(1955), 234 Ind. 225, 125 N. E. 2d 794; See also: Lowe's Rev., Works' Ind. Pract., Vol. 1, §5.15, p. 139.

There is nothing in the record to indicate that the relators made any timely objection below as to the respondent court's jurisdiction of the particular case, *i.e.*, that the action had been brought in the wrong county.

The statute, Acts 1881 (Spec. Sess.), ch. 38, §30, p. 240, being §2-701, Burns' 1946 Replacement, which provides that actions affecting real estate must be brought where the land is located defines the venue of such actions, that is, the geographical location where the particular case should be tried. However, any question regarding any action brought in the wrong county is waived without proper objection. Acts 1911, ch. 157, §3, p. 415, being §2-1011, Burns' 1946 Replacement; *State ex rel. Allman* v. *Grant Superior Court* (1939), 215 Ind. 249, 19 N. E. 2d 467.

Any question in the case at bar as to the jurisdiction of the particular case by the respondent court must be deemed to have been waived.

Having jurisdiction in regard to the administrator's "Petition to Determine Title" in the case at bar, the respondent court could lawfully adjudicate the disputed rights as to the land in question, resulting in its judgment of July 11, 1959.

Having jurisdiction of the subject matter, the person and the particular case, the respondent court had jurisdiction to enforce its decree pertaining to the land in question, and to issue a citation for contempt for failure to obey its orders pertaining thereto.

If error has been committed in the process of arriving at the contempt proceedings, relators remedy is by appeal and not by petition for writ of mandate and prohibition, unless it be shown that such extraordinary remedy is within the purview of the statute.

The petition for the writ is denied.

Achor, C. J., Arterburn, Bobbitt and Landis, JJ., concur.

NOTE.—Reported in 181 N. E. 2d 230.