595 P.2d 214

## In the Matter of the ESTATE of Nielsine N. HANSEN

**Eleanor Jean Hansen HUNTER, Appellant,**

v.

**Harry T. HANSEN, Personal Representative of the Estate of Nielsine N. Hansen, Deceased, Appellee.**

No. 1 CA–CIV 3966.

Court of Appeals of Arizona, Division 1, Department A.

March 27, 1979.

Rehearing Denied April 20, 1979.

Review Denied May 22, 1979.

Johnson, Shelley & Roberts by Richard G. Johnson, Jr., Mesa, for appellant.

Bonn & Anderson, P. A. by Jeffrey D. Bonn, Phoenix, Steiger, Helm & Kyle by John D. Helm, Tempe, for appellee.

OPINION

HAIRE, Judge.

It is urged on this appeal that the trial court erred in granting appellee's motion to dismiss an action brought by appellant to contest the informal probate of a will dated October 17, 1975.[1] The contest was based upon allegations relating to undue influence and incompetency of the decedent. Appellant's action also requested that an earlier will of the decedent dated September 4, 1975, be admitted to probate.

The sole basis for the granting of the motion to dismiss was appellee's contention that the action was barred by the four month limitation provision set forth in

---

1. The October 17, 1975 will by express language revoked all prior wills and codicils made by the testatrix.

A.R.S. § 14–3306 B. Insofar as pertinent, that statute provides:

"B. Upon issuance of a statement of informal probate, the applicant must within ten days give written information to all heirs and devisees of the admission of the will to probate, together with a copy of the will. The information shall describe the court where papers relating to the estate are on file and state that an heir has four months from receipt of the information within which to commence a formal testacy proceeding if he wishes to contest the probate. If a personal representative has been appointed, the information given pursuant to this section may be combined with the information required by § 14–3705 and may in that case be given by either the applicant or the personal representative on behalf of both. This information shall be delivered or sent by mail to each of the heirs and devisees whose address is reasonably available to the applicant. *An heir to whom the information is given is barred from commencing a formal testacy proceeding to contest the probate of the will after four months have elapsed from receipt of the information; but he is not barred from commencing a formal testacy proceeding to probate a later discovered will.* An heir to whom the information is not given may contest the informal probate within the time limit specified in § 14–3108. The applicant shall be liable to any heir or devisee damaged by failure to comply with this subsection."[2] (Emphasis added).

The pertinent facts are not in dispute. The information required by § 14–3306 B relating to the informal probate of the October 1975 will had been appropriately given to appellant. The record shows that appellant's action was not filed until more than four months had elapsed from the receipt of that information by appellant.[3]

■ Appellant's contention that her action is not barred by the four month will contest limitation of § 14–3306 B arises from the statutory language "but he is not barred from commencing a formal testacy proceeding to probate a later discovered will." In response, appellee points out that the same statutory provision that allows the probate of a "later discovered will" expressly bars any proceeding to contest the probate of the previously probated will after the elapse of four months, and thus urges that this "later discovered will" provision cannot lead to the result sought by appellant unless the later discovered will was also executed later than the will previously admitted to informal probate. Because the later discovered will presented by appellant in the trial court was in fact a prior will, appellee's argument continues, its mere admission to probate would not have been sufficient to revoke the later will, which had already been admitted to probate. We agree with appellee and hold that the trial court did not err in refusing to allow appellant to contest the probate of the previously admitted will.

■ Certainly there could have been no question as to the drafter's intent if language such as "a later discovered later will" had been used. Yet even in the absence of such language we find no substantial ambiguity. When close consideration is given to the exact language of the statute, it is clear that after the elapse of four months an heir to whom the required information is given is barred from commencing a formal proceeding to *contest the probate* of the previously admitted will. The language of § 14–3306 B does not contain any exception to this contest bar. The statute does not, however, bar the later commencement of formal proceedings *to probate a later discovered will.* While the statute does not expressly state that this later discovered

---

**2.** The initial provisions of A.R.S. § 14–3306 are similar to the provisions of § 3–306 of the Uniform Probate Code. However, the limitations provision of § 14–3306 B is not a part of the Uniform Probate Code, nor have we found any similarly worded provision in the statutes of any state that has adopted the Uniform Probate Code.

**3.** We note that the action was filed, however, within the time allowed by the general limitations provisions of A.R.S. § 14–3108.

will must also be a later executed will, practical considerations demand that this be so, since otherwise the previously admitted will remains viable and as such constitutes the last unrevoked testamentary expression of the testator. On the other hand, if a later will of the testator is discovered after the informal probate of an earlier will, and this later discovered will is admitted to probate, then this later testamentary expression would, to the extent that it is inconsistent with the earlier will, automatically control the disposition of the testator's estate without the necessity of a contest of the probate of the earlier will. Although there is some authority to the contrary, the prevailing view is that the offer to probate a later will does not constitute a contest of a prior will previously admitted to probate within the meaning and intent of a will contest statute. *In re Elliott's Estate*, 22 Wash.2d 334, 156 P.2d 427, 157 A.L.R. 1335

(1945); *In re Moore's Estate*, 180 Cal. 570, 182 P. 285 (1919); 80 Am.Jur.2d *Wills*, § 1053 (1975). The objective sought by appellant in her trial court action was not merely to offer a later discovered will to probate. Rather, because the offered later discovered will was in fact a prior will, she also sought to contest the previously probated later will on the grounds of undue influence and incompetency. A.R.S. § 14–3306 B bars such an action by appellant.

The trial court's judgment is affirmed.

DONOFRIO and FROEB, JJ., concur.