**In the Matter of the ESTATE OF Jacob Ray BROWN.**

**Appeal of Kermit Dale BROWN, Appellant–Defendant.**

**No. 20A03–9106–CV–172.**

Court of Appeals of Indiana, Third District.

Feb. 27, 1992.

Lee F. Mellinger, Mellinger & Bowers, Elkhart, for appellant.

James L. McCaslin, Nancy A. McCaslin, McCaslin, Smith & LaFountain, Elkhart, for appellee.

HOFFMAN, Judge.

Appellant-defendant Kermit Dale Brown appeals the trial court's decision granting final distribution of Jacob Ray Brown's estate and denying probate of a new will of Jacob Ray Brown submitted by appellant.

Appellant raises three questions for review:

    (1) whether the trial court erred in failing to have a hearing before rendering judgment;

    (2) whether the trial court erred in assuming jurisdiction over the estate of Jacob Ray Brown; and

    (3) whether the trial court erred in characterizing appellant's submission of a later will as a will contest.

The facts relevant to this appeal reveal that Jacob Ray Brown died on December 1, 1989. On January 5, 1990, Nelvin Harmsen filed a petition to probate the will of Jacob Ray Brown in the Elkhart Superior Court No. 2. The court admitted the will to probate and appointed Nelvin Harmsen personal representative of the estate.

The court clerk published notice of the estate in the local newspaper on January 12 and 19, 1990. The clerk also mailed notice of the opening of the estate to Kenneth Ray Brown, Kevin Earl Defebaugh, Kathy Thompson, and appellant, Kermit Dale Brown, on January 18, 1990.

The personal representative filed an inventory of the estate on March 22, 1990. On May 1, 1990, the personal representative filed a petition with the court to sell real estate. A hearing was held on May 25, 1990 on the petition to sell real estate. Appellant was in attendance at the hearing. The petition was granted.

On August 24, 1990, the court approved the inheritance tax accounting, and on October 18, 1990, the sale of the real estate was approved. The personal representative filed the final account on October 2,

1990. A hearing on the final account was set for December 7, 1990. On November 8, 1990, the clerk mailed notice of the final account hearing and had the notice published in the local newspaper.

The cause was continued to December 14, 1990, due to a failure to notify appellant of the hearing. A hearing was held on the 14th and the final account approved and distribution ordered. However, the court was notified on December 28, 1990, that appellant was not sent notice of the hearing. The court, therefore, rescheduled a hearing on the final account for January 14, 1991. Appellant was notified of the hearing.

On January 14, 1991, appellant was in attendance at the hearing. He filed an objection to the final account. The court acknowledged that appellant had submitted a later will of Jacob Ray Brown to the court. Kenneth Ray Brown, an heir in the probated will, filed an objection to the later will. The personal representative filed a motion to dismiss petition to contest the will, a motion for summary judgment, and tendered the final decree to the court. The court took the matter under advisement. The next day the court entered the following order:

"The Court, having reviewed the objection and motion to dismiss the tendered will, further examining the will and letter in support thereof, finds that pursuant to Indiana law, to-wit: I.C. 29–1–7–17, that the tendered will is not timely submitted for probate. The Court, therefore, grants the petition to deny probate of the tendered will. Final Account submitted and approved. Distribution ordered. Decree entered. Copy to all interested parties and Mr. McCaslin. Notice ordered. Petition for Compensation for Attorney filed and approved. Order to Compensate Attorney entered."

Although the petition filed by the personal representative on January 14, 1991 was designated "Motion to Dismiss Oral Petition to Contest Will and Motion for Summary Judgment," the petition was not asking for summary judgment as provided in Ind.Trial Rule 56. The petition asked the court to deny the probate of the later will offered by appellant. A hearing was provided on this matter on January 14, 1991, at the same time the court heard argument on the final account. The trial court acknowledged appellant's submission of the later will, acknowledged the objection filed to this later will by another heir, and heard the personal representative's argument as to why this later will should not be admitted to probate. The court took this issue and the issue of final distribution of the estate under advisement. The court then issued its order the next day. No error is presented here.

■ Appellant also claims that the court erred in granting approval of the final account without setting a hearing on appellant's objection to the final account. It was not necessary for the trial court to set a hearing on appellant's objection since the trial court admitted appellant's written objection at the hearing, asked appellant if he wished to add anything to this written objection, and heard the personal representative's reply to this objection. Therefore, appellant was given an opportunity to argue his objection to the final account at the hearing.

■ Furthermore, appellant's objection to the final account appears not to be a problem with the actual accounting of the estate, but with the judgment that was rendered against him for $28,167.01 at a guardianship hearing for Jacob Ray Brown in 1989. The trial court in 1989 ordered appellant to pay the guardian of Jacob Ray Brown's estate $28,167.01 for funds wrongfully taken from the estate and for attorney's fees the guardian incurred in litigation. This judgment was subtracted from appellant's portion of his inheritance in the final account.[1] Appellant attacks this judgment amount in his objection to the final accounting. However, this judgment is not subject to collateral attack. Appellant did

---

1. There is an unexplained discrepancy between the trial court's award of $28,167.01 to the guardian of the Jacob Ray Brown's estate in 1989 and the subtraction of this judgment in the amount of $28,012.56 from appellant's share of the inheritance in the final account.

not avail himself of the appeals process after the judgment was rendered and, therefore, has waived any objection to the judgment amount. The personal representative of the estate was entitled to offset appellant's judgment against appellant's inheritance. IND.CODE § 29–1–17–6 (1991 Supp.)

For appellant's second issue, he questions the jurisdiction and venue of the Elkhart Superior Court No. 2. He alleges that the proceedings should have been held in Grant County, the county in which Jacob Ray Brown died.

Subject-matter jurisdiction cannot be waived and may be raised at any time. *State ex rel. Dean et al. v. Tipton Circuit Ct.* (1962), 242 Ind. 642, 181 N.E.2d 230. In this case, the Elkhart Superior Court had subject-matter jurisdiction over probate proceedings. IND.CODE § 33–5–13.1–1 (1991 Supp.) grants the Elkhart Superior Court the same subject-matter jurisdiction over probate proceedings as the Elkhart Circuit Court. IND.CODE § 33–4–4–3 (1991 Supp.). Therefore, since the trial court had jurisdiction of the class of cases to which this case belongs, the court properly had subject-matter jurisdiction of this case.

As for venue, IND.CODE § 29–1–7–1 (1988 Ed.) provides in relevant part:

"(a) The venue for the probate of a will and for the administration of an estate shall be:

(1) In the county in this state where the decedent had his domicile at the time of his death.

* * * * * *

(c) If it appears to the court at any time before the decree of final distribution in any proceedings that the proceeding was commenced in the wrong county or that it would be for the best interests of the estate, the court, in its discretion, may order the proceeding with all papers, files and a certified copy of all orders therein transferred to another court having probate jurisdiction, which other court shall thereupon proceed to complete the administration proceedings as if originally commenced therein."

Although subsection (a) makes it appear that venue is mandatory, subsection (c) implies that venue is waivable since a trial court has the *discretion* to transfer a case *before* final distribution. In this case, there is no evidence that appellant made any objection to venue prior to appeal. As the court in *Tipton, supra,* 242 Ind. at 653, 181 N.E.2d at 235–236 stated:

"In regard to jurisdiction of the particular case [venue], this Court has stated that timely and specific objection must be made to the lack of jurisdiction over the particular case where the court has jurisdiction of the general class of cases (*i.e.,* subject matter), otherwise the objection is waived. [Citation omitted.]"

Therefore, although no statute in the Indiana Probate Code specifically discusses waiver of venue, it is only logical that the failure of a party to raise the issue before final distribution waives the issue from review. *See* 1 *Henry's Indiana Probate Law and Practice,* 8th Ed., § 301, at p. 86 & § 311, at p. 141 (1989).

Furthermore, there was sufficient evidence that Jacob Ray Brown's domicile was Elkhart County. Appellant makes the argument that residence is synonymous with domicile, *State Election Bd. v. Bayh* (1988), Ind., 521 N.E.2d 1313, 1317; therefore, since his father was residing in a nursing home in Grant County at his death, his father's domicile is in Grant County. While it is true that residence may be synonymous with domicile, the *Bayh* case holds that there are many factors that must be taken into consideration in making such a determination. For instance, a change of domicile requires:

"an actual moving with an intent to go to a given place and remain there. 'It must be an intention coupled with acts evidencing that intention to make the new domicile a home in fact.... [T]here must be the intention to abandon the old domicile; the intention to acquire a new one; and residence in the new place in order to accomplish a change of domicile.' [Citation omitted.]"

*Id.* at 1317. The individual facts of the case must be considered and physical presence in a place is only one consideration. *Id.* at 1318.

■ Jacob Ray Brown became a patient in the Veteran's Hospital in Grant County in 1981. He never became well enough to leave the hospital and eventually died in 1989. This alone is not sufficient evidence that Jacob Ray Brown had the intent to abandon his domicile in Elkhart County and establish his domicile in Grant County. In fact, Jacob Ray Brown had real estate and bank accounts in Elkhart County. A guardianship had been established in 1988 for him in Elkhart County. Additionally, appellant, who is now contesting domicile, attempted to probate a later will of Jacob Ray Brown in Elkhart County. Furthermore, this later will, executed in 1988, stated that the Jacob Ray Brown's residence was Elkhart County. Elkhart County was the domicile of Jacob Ray Brown.

Lastly, appellant avers that the trial court erred in considering his attempt to probate the later will a will contest. Indiana's statute governing will contests states:

"Any interested person may contest the validity of any will in the court having jurisdiction over the probate of the will within five (5) months after the date of the order admitting the will to probate by filing in the court the person's allegations in writing verified by affidavit, setting forth:

(1) the unsoundness of mind of the testator;

(2) the undue execution of the will;

(3) that the will was executed under duress or was obtained by fraud; or

(4) any other valid objection to the will's validity or the probate of the will.

The executor and all other persons beneficially interested in the will shall be made defendants to the action."

IND.CODE § 29–1–7–17 (1991 Supp.). It is subsection four of the statute that the parties are debating. Appellant claims that probating the later will over one year after the previous will was probated does not contest the previous will's validity. He asks this Court to adopt the reasoning in *In Re Elliott's Estate* (1945), 22 Wash.2d 334, 156 P.2d 427. The *Elliott* court was presented with a similar situation in which eight months after the first will was admitted to probate, a second will was offered for probate. The Washington probate statutes provided that a will contest had to be brought within six months of the probate of a will. A will contest could be brought for any "cause affecting the validity of the will." The *Elliott* court determined that the submitting of a later will for probate was not a will contest since it did not qualify as a challenge to the validity of the previous will.

"Furthermore, it is now our considered opinion that the term 'validity,' as used in that clause in Rem Rev Stat § 1385, reading 'or for any other cause affecting the validity of such will,' has reference only to the genuineness or legal sufficiency of the will under attack, raising the question whether the will is legally sufficient in form, contents, and compliance with the statutory requirements as to execution; it does not relate to the operative effect of the will or the period of its operation. In other words, the former will may, as in this instance, meet all the formal and statutory requirements necessary to make it a valid will when executed, but yet may cease to have any operative effect simply because it has been supplanted by a later will."

*Id.* at 357–358, 156 P.2d at 438. The *Elliott* court felt to hold otherwise would defeat the intentions of the testator.

Appellant points to other cases supporting this view.

*Matter of Estate of Hansen* (1979), 122 Ariz. 422, 595 P.2d 214;

80 Am Jur 2d *Wills* § 1053 (1975);

Annot., 107 ALR 255 (1937), supp. 157 ALR 1353 (1945).

■ However, Indiana does not submit to this view. A proceeding to substitute an unprobated will for one already probated is a will contest and must be brought within the statutory time period allotted for will contests.

Bartlett et al. v. Manor et al. (1897), 146 Ind. 621, 45 N.E. 1060;

Burns v. Travis (1888), 117 Ind. 44, 18 N.E. 45;

In re Plummer, etc. v. Kaag, Admr., etc. et al. (1966), 141 Ind.App. 142, 219 N.E.2d 917;

2A Henry's Probate Law & Practice 7th Ed., § 1 at p. 732 (1979).

Although this rule has been repeated in dicta several times, the Bartlett court substantively decided the issue. According to the facts, James Bartlett executed two wills during his lifetime. The will drafted in 1861 revoked the will drafted in 1855. Upon his death, his wife, Mary, probated the 1855 will. Later, the 1861 will was discovered and the appellants, heirs of James Bartlett, attempted to probate this will after the time period allotted by statute for will contests had elapsed. The court explained that the appellants' action was in effect an action to "overthrow" the former will and establish the later will. Both were essential elements of appellants' cause of action and neither could have been held merely an incident to the other. The substitution of a later will, therefore, is a contest of the former will and must be brought within the statutory time period for will contests.

■ This right to contest probate is a statutory right; if the right is not exercised within the allotted time period, the right is lost. Therefore, the five-month time limitation is a statute of repose extinguishing the right, rather than a statute of limitation affecting the remedy.

Id. at 627, 45 N.E. at 1062;

2A Henry's Probate Law & Practice 7th Ed., § 3, at p. 741 (1979).

In conclusion, the Bartlett court stated: "As long as the bar stands against the contest, we have a barrier against establishing a will to substitute for it. Substitution includes as much the overthrow of one as the proof that another existed. The relief sought includes both, and neither demand can stand without the other. Since contest is forbidden, and the will of 1855, with its probate, must stand, substitution becomes impossible."

Id. at 626, 45 N.E. at 1061. This the court so held despite the evidence of fraudulent concealment of the 1861 will that was presented to the court.

There was no evidence of fraudulent concealment of the later will in this case. Appellant explained to the court that due to his wife's illness he had been unable to offer the will for probate; although as appellee notes, appellant had been present in court for proceedings regarding the former will. Whatever the reason for appellant's delay in offering the later will to probate, it is a will contest that had to be brought within the five-month period allotted for will contests. IND.CODE 29–1–7–17. Appellant is attempting to substitute this later will for the former will. In doing so, appellant is attempting to revoke the former will which would render it invalid. This is a will contest that had to brought within the five months. Id. Therefore, the trial court correctly denied appellant's offer to probate the later will.

Since appellant is asking this Court to change the law on will contests in this state, his appeal will not be considered frivolous. Therefore, appellee's request for damages pursuant to Ind. Appellate Rule 15(G) is denied.

Affirmed.

STATON and BAKER, JJ., concur.