STATE EX REL. THOMPSON *v.* RHOADS, JUDGE

[No. 28,164. Filed March 1, 1946.]

*Louis Rosenberg* and *James M. Dawson,* both of Indianapolis, for relatrix.

*James E. Babcock* and *Frank L. Heeb,* both of Indianapolis, for respondent.

GILKISON, J.—This original action by the relatrix, asks that the respondent as "Judge of the Juvenile Court of Marion County" be mandated "to grant the Change of Judge upon the affidavit hereinabove filed," etc.

The affidavit referred to, omitting signature and verification is as follows:

"STATE OF INDIANA }
"COUNTY OF MARION }

"IN THE MARION JUVENILE COURT

"CAUSE NO. 61187, 57358, 57351.

"STATE OF INDIANA
V.
"SUSAN DORETTE THOMPSON

"AFFIDAVIT FOR CHANGE OF VENUE

"Susan Dorette Thompson, being duly sworn according to law says.

"1. That she is defendant in the above entitled cause.

"2. That she can not have a fair and impartial trial before the Honorable Mark W. Rhoads, the justice before whom said cause is pending because of the bias and prejudice against this defendant and her defense.

"3. Affiant further objects to the said Justice naming three lawyers or judges, from whom one is selected to preside, and requests that it be referred to the Clerk of the Supreme Court, who shall name three judges, one of whom to be chosen by the State and affiant to preside in said cause. Further affiant saith not."

The pleadings show that a case was filed in said Juvenile Court on November 27, 1944, by the father of relatrix, alleging among other things that relatrix was then a dependent and neglected child, and praying the judgment of the court thereon. This cause is numbered 57358. In this matter the court heard part of the evidence and committed the relatrix to the custody of Herbert C. Thompson, father and Esther Thompson until the further order of the court. On the same date

a similar case was filed by one Marie Berry and numbered 57351 in said court.

Later both cases were continued indefinitely and still later, on January 7, 1946, both cases were reinstated by the court on its own motion.

On January 8, 1946, the father, Herbert C. Thompson, filed another case in due form charging the relatrix to be a delinquent child. Evidence was partly heard, and the court ordered that relatrix be committed to the Marion County Juvenile Center, pending trial, until further order of court.

Each of these cases is properly entitled:

> "Susan Dorette Thompson
> "1305 W. 19th St. Apt. No. 1  } Petition"
> "A child under 18 years of age

Thereafter, on January 10, 1946, the aforesaid affidavit for change of venue from the judge was filed. The affidavit possibly was intended as a motion for change of venue in each of the three cases, since it bears the number of each case, but it is erroneously captioned for filing in a case or cases of *"State of Indiana v. Susan Dorette Thompson."* So far as shown by the pleadings and briefs there is no such case pending. Apparently no docket entry was made of the filing of the affidavit and no record of the filing was made. From relatrix' brief we learn that "The Judge of the Juvenile Court, without the knowledge on the part of the relator, indorsed upon the said affidavit of change from judge: 'Change of Venue refused.'" This seems to be the only notation of the court's action on the alleged motion. The reason for this probably is that the court was unable to ascertain from the motion to which case, if any, it was intended to apply. A single verified motion for change

of venue can apply to but one case. It cannot be made to apply to three separate and distinct cases, nor to cases generally.

The alleged notation on the affidavit for change of venue from the judge is not an official record of the court. A court of record speaks only by its record, and court rulings and orders are only such as appear on the records of the court. Notations on files are no part of the official records of the court, but in a proper case such notations might provide the necessary memoranda from which an official record *nunc pro tunc* might be made. *O'Malia* v. *State* (1934), 207 Ind. 308, 311, 192 N. E. 435. Such notations are meaningless on appeal and in original actions, since they do not speak the legal action of the court. The action of the court can be made to appear only by an entry spread of record providing incontestable evidence of the conclusion of the court granting or denying the relief prayed for in the motion. *McMillan, Admr.* v. *Plymouth, etc., Power Co.* (1919) 70 Ind. App. 336, 341, 123 N. E. 446.

In a motion for change of venue from a judge on the grounds of bias and prejudice in any case, it must be averred directly and without equivocation that the bias and prejudice is of the judge from whom the change is asked. §§9-1301, 9-1316, 2-1401, Burns' 1933 and § 2-1424, Burns' 1933 (Supp.) ; 30 Am. Jur. § 76, *Judges* p. 785; 33 C. J. § 153, *Judges* p. 1001. We note that there is no such averment in the affidavit in this case, but we pass that matter without further comment.

A writ of mandamus is an extraordinary writ which can be issued only to compel the performance of a clear legal duty. The pleadings must show that the duty of the respondent to perform the act is absolute and imperative. *State ex rel. Farmers Loan and*

*Trust Co.* v. *Wrigley, Judge* (1918), 187 Ind. 78, 81, 82, 118 N. E. 353, 354. *State ex rel Crow* v. *Etcheson* (1912), 178 Ind. 592, 596, 99 N. E. 996.

The pleadings in this case do not show that the alleged motion for change of judge was ever filed in either of the three cases mentioned. It seems to have been filed, just generally, without any particular application to either. It was not possible for the respondent to determine to which one it applied. In addition to this, in her verified petition relatrix states: That the said Affidavit for Change was not presented to said Mark W. Rhoads, Judge of the Juvenile Court, but was presented to and given to the Clerk of the Circuit Court of Marion County, as by the statutes required, and that the said Judge of the Juvenile Court was without power and authority to pass upon the matter of the Affidavit for a change from him." It is difficult to ascertain or imagine whom the relatrix and her attorneys expect to pass upon this alleged motion if not the respondent. Certainly the clerk of the Marion Circuit Court was without authority to act in the matter. Counsel had no right, in open court, to file an affidavit for change of venue, without calling the court's attention thereto, so that the filing could be noted on the court docket. The orderly conduct of business requires this practice. *Railsback* v. *Walke* (1882), 81 Ind. 409, 416.

The erroneous title given the case in the motion, the averments of the motion, the attempt to make it apply to three separate and distinct cases or to apply generally to all cases, the failure to call the court's attention to its filing, and the effort of the moving party to prevent the respondent from ruling thereon, not only do not show that a situation existed making it the absolute and imperative duty of the respondent to grant a change of venue from himself as judge in all or

any one of the three pending cases, but on the contrary show that it was his legal duty to refuse to do so.

For the reasons stated the writ of mandate is denied.

Note.—Reported in 65 N. E. (2d) 248.