Luella LYNCH, Incompetent, by Perrin D. McElroy, Public Administrator, Her Guardian and Curator, Appellant,

v.

James LYNCH, Margaret E. Treadway, Executrix, Estate of Frank Farneman, Deceased, Respondents.

No. 22035.

Kansas City Court of Appeals.

Missouri.

March 21, 1955.

William I. Potter, Jim T. Reid, Kansas City, for appellant.

George V. Aylward, William B. Teasdale, Kansas City, for respondents.

SPERRY, Commissioner.

This suit involves certain real and personal property owned by the entirety, by plaintiff and defendant, husband and wife. See McElroy v. Lynch, Mo., 232 S.W.2d 507, 509, handed down September 11, 1950.

Plaintiff, Luella Lynch, incompetent, by her guardian and curator, Perrin D. McElroy, instituted this action on September 21, 1950. She sought an accounting as against defendant, James Lynch and Margaret E. Treadway, executrix of the estate of Frank Farneman, deceased, and attorney fees. After a hearing the court ordered that defendant render an accounting of monies received from the property, and appointed Eugene P. Donnelly as receiver. This order was entered on April 28, 1951, and an accounting was rendered. On May 7, 1951, defendant filed his motion to set aside the order appointing a receiver. The court entered an order and judgment disallowing attorney fees, dismissing plaintiff's petition, dismissing and discharging Mrs. Treadway, allowing the receiver a fee of $400, and discharging him. This judgment was entered June 9, 1953. Plaintiff appeals.

A very large mass of evidence was adduced. The abstract thereof consists of more than 500 pages and, in addition, many exhibits were filed separately. We do not believe it is necessary, in disposing of this appeal, that we set out the evidence in great detail. We will confine our discussion of evidence to that which bears upon the

legality of the order discharging the receiver.

The appointment of a receiver is essentially a prerogative of equity, which may be exercised as a means of conserving the property or assets for the benefit of all parties in interest. The court will be authorized to appoint a receiver if it appears that, through fraud, mismanagement, misconduct, or otherwise, there is a likelihood that the property will be squandered, wasted, misappropriated or unlawfully diverted without the court's intervention. But, absent threatened destruction or dissipation of the property, or *where there is no good cause to believe that benefit would result from the appointment of a receiver*, then the court should decline to make such an appointment. Robinson v. Nick, 235 Mo.App. 461, 136 S.W.2d 374, 395. The power to appoint a receiver is a delicate one which is reluctantly exercised by the courts. 75 C.J.S., Receivers, § 15, p. 677. The power to act rests very largely within the sound discretion of the court. 75 C.J.S., Receivers, § 16, p. 679. A receiver should be appointed only when the court is satisfied that the appointment will promote the interests of one or both parties, that it will prevent manifest wrong, *imminently* impending, *and that the injury resulting will not be greater than the injury sought to be averted*. 75 C.J.S., Receivers, § 17, p. 681.

In this case plaintiff, through her guardian, allegedly sought the receivership in order that the entirety property, and the income therefrom, might be conserved and made available for use in providing her with medical care and treatment. Jackson County, since October, 1947, has been providing her with adequate medical care and treatment, is not demanding reimbursement, and is not a party hereto.

The evidence is to the effect that plaintiff and defendant were married in 1941; that defendant purchased a home, with his own funds, taking title by the entirety; that, because plaintiff desired to rear their two small daughters in a better neighborhood and near a church of their faith, they sold that home to Mr. Farneman, receiving therefor $1,000 cash and a note and mortgage for $3,200, payable $45 per month; that Mr. Farneman is deceased and defendant Treadway is executrix; that they purchased an apartment house, located at 4224 Harrison, Kansas City, Missouri, taking title by the entirety; that they paid therefor $3,400 cash and an installment note and mortgage in the amount of $13,600; that the cash payment consisted of $1,000 received from the property sold, and $2,400 proceeds from stocks owned by defendant; that, in 1945, they moved into and occupied one of the six apartments in the building and rented the remaining five; that defendant earned $50 per week as a laborer; that defendant improved the property and kept the installment payments and operation costs current; that plaintiff was adjudged insane October 14, 1947, and placed in the state hospital at St. Joseph, Missouri, where she remains as a county patient; that she suffers from schizophrenia hebephrenia, or dementia praecox, has made no improvement since the onslaught, and is not likely to be cured; that defendant procured for plaintiff medical treatment of the best, prior to her commitment, and that she was committed upon medical advice; that he procured outside medical treatment for her after her commitment, all to no avail; that he spent considerable sums for her treatment, and that, before commitment, she incurred indebtedness to the extent of $1,200, which defendant has been compelled to pay; that he maintains the two little girls who, at the time of this trial were aged 5 and 7, in a Catholic Church home, paying therefor $60 per month, and furnishing them with clothing and other necessities; that the balance of the purchase note given by Farneman has been paid and accounted for; that the installment note payments, and cost of maintaining the apartment property for the years 1946, 1947, 1948, and 1949, exceeded the income therefrom in the amount of $833.88; that defendant, himself, did the janitor and maintenance work without charge, until the receiver was appointed.

The receiver testified to the effect that income from the property is insufficient to pay the monthly note installment, and to pay expenses of repairs, maintenance, etc.; that the property is now in need of repairs and improvements but that there is no money available with which to pay for same. His final report, filed herein, shows that there are unpaid current bills in the amount of $503.99, and that he has received no compensation for his services.

The evidence is to the effect that defendant maintained and administered the apartment house in an efficient and business-like manner, keeping the mortgage payments current and the property in good repair, from the time of its purchase until he was divested of control by the appointment of the receiver; that the property has, since then, deteriorated and fallen into disrepair; that it would require the expenditure of $1,500 to put it in reasonably good condition. All of the evidence is to the effect that this situation, as shown by the receiver's report and testimony, will not improve but will grow worse. Plaintiff has requested that the property be sold in order to pay costs of administration, to provide funds for liquidating the accumulated indebtedness, and for other purposes.

The court, justifiably, found from the evidence that plaintiff would not likely be cured of her malady and that defendant was capable and was equipped with the tools and the ability to administer the apartment house in a business-like and efficient manner; that he has labored, saved, and invested his earnings in this property in order to acquire, pay for, and preserve it, plaintiff having had no property or income; and that the equities are with defendant.

Considering the law and the evidence, as heretofore stated, we are of the opinion that the order appointing the receiver was improvidently made; that the injury resulting therefrom would likely be and, in fact was, greater than the injury sought to be averted. There can be no justification, in law or equity, for the continuation of a receivership under evidence which surely indicates that the very subject of the receivership will thereby be lost to the owners, the beneficiaries of the receivership, and when the evidence indicates, as it does here, that the property will likely be saved for plaintiff, defendant, and their children, if its management and operation be restored to defendant.

The judgment should be affirmed.

BOUR, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed.

All concur.