STATE OF INDIANA EX REL., MAMMONTH DEVELOPMENT AND CONSTRUCTION CONSULTANTS, INC., AN INDIANA CORPORATION *v.* THE SUPERIOR COURT OF MARION COUNTY AND PAUL R. LUSTGARTEN AS JUDGE OF THE SUPERIOR COURT OF MARION COUNTY.

[No. 1176S386. Filed December 3, 1976.]

Richard C. Brunt, of Indianapolis, *Earl N. Davis*, of Indianapolis, for relator.

*Marshall E. Williams, Heeter, Johnson, Salb & Williams*, of Indianapolis, for respondents.

GIVAN, C.J.—Relator seeks permanent writ of prohibition prohibiting respondents from exercising jurisdiction over relator by the appointment and continuance of a reecivership over the affairs and assets of relator.

A hearing was had on relator's petition on November 15, 1976, following which a temporary writ of mandate was issued. Respondents were ordered to show cause on or before November 29, 1976, why the writ should not be made permanent. Pursuant to said order, the respondent has filed his return.

The record reveals the following facts:

On September 8, 1976, plaintiff below, Eastside Demolition and Excavating Corporation (hereinafter Eastside) filed an action against Alonzo Harris and Eugene Bowers d/b/a Harris and Bowers Construction Company.

On September 21, 1976, Eastside amended its complaint by adding Mammonth Development and Construction Consult-

ants, Inc., (hereinafter Mammonth or relator) as a defendant. Summons was issued to Mammonth's resident agent. On that date, Eastside filed a petition for the appointment of a receiver and a notice of hearing on said petition. The certificate of service on the petition, as well as on the notice of the hearing, indicates that Dennis E. Zahn, attorney at law, was the only person served.

On September 28, 1976, Eugene Bowers by counsel, Dennis E. Zahn, filed his answer to Eastside's complaint. The certificate of service to the answer indicates that the answer was served on the attorney for Eastside only. On the same date, Bowers by counsel filed a third party complaint against Midwest National Bank.

On September 29, 1976, counsel entered an appearance for Alonzo Harris and Mammonth.

On October 1, 1976, Attorney Zahn filed his appearance card as attorney for Bowers.

On October 4, 1976, a hearing was had on Eastside's petiton for the appointment of a receiver. Following the hearing, the court appointed Charles E. Johnson, an attorney at law in Indianapolis, as receiver over the affairs of Harris and Bowers Construction Company and Mammonth, and set security bond at $1,000. The order indicates that copies of it were to be sent to Eastside's attorney, Bowers' attorney, and the attorney for Harris and Mammonth.

On October 29, 1976, Mammonth petitioned for the removal of the receiver. A hearing on the petition was set for November 1, 1976.

On November 1, 1976, the court made a nunc pro tunc entry showing the filing of the amended complaint as of September 21, 1976. The court also ordered the receiver to cease activity as receiver over Mammonth.

On November 10, 1976, the court issued an order vacating the receivership over Mammonth, *except* (our emphasis) as to the sum of $36,571, which the court ordered the receiver to hold as conservator of the court pending further orders.

Respondents have not urged that the situation at bar is one in which receiver may be appointed without notice. Thus, the discussion is limited to the question of whether notice was given.

In its return to the temporary writ issued by this Court, respondent urges that it had jurisdiction to create the receivership in that notice of the hearing had been given to Mammonth. However, the record presented does not support that position. Rather, as above recited, Eastside served only counsel for Bowers, one of the named defendants. Respondents cite alleged conversation between the court and counsel for Eastside at the October 4 hearing to demonstrate that Eastside included the notice with the complaint. Such "fact" fails in two regards: The transcript is not certified by the court or the reporter, nor was it made a part of the record; more importantly, the alleged finding that notice was given relator, is not an order book entry. It is a rule of long standing that the court speaks only through its order book. *Epps* v. *State,* (1963) 244 Ind. 515, 192 N.E. 2d 459. Thus, respondents' argument fails.

Respondents also assert in their unverified return that when relator entered its appearance in the action, it had notice of all matters contained in the court's files.

In *Clouser* v. *Mock,* (1959) 239 Ind. 143, 155 N.E.2d 745, a case in which the statute involved did not require that notice be given of the filing of a final surveyor's report, the Court held that the parties properly brought into the court must keep themselves informed of the steps taken in the case and are bound by the court's action therein without special or additonal notice. However, the statute here in question, IC 34-1-12-9 (Burns 1973) requires that notice be given of the application for the appointment of the receiver. Further, notice must be given of any interlocutory hearing for the appointment of a receiver. *Hawkins* v. *Aldridge,* (1937) 211 Ind. 332, 7 N.E.2d 34. Inasmuch as the record indicates that no notice was given to the relator Mammonth,

the trial court was without jurisdiction to appoint a receiver over relator.

The temporary writ is therefore made permanent. The trial court is ordered to vacate the receivership in its entirety and to release the funds now held by the court through its appointed receiver to Mammonth.

Arterburn, Hunter, and Prentice, JJ., concur; DeBruler, J., dissents.

NOTE.—Reported at 357 N.E.2d 732.