STATE of Indiana ex rel. Douglass R. SHORTRIDGE, Special Administrator of the estate of William M. Platis, deceased, and Dorthey Platis, Relators,

v.

The COURT OF APPEALS OF INDIANA and The Honorable George B. Hoffman, Jr., V. Sue Shields and Jonathan J. Robertson, as Judges Thereof, Respondents.

STATE of Indiana ex rel. The ESTATE OF Maud SMITH, Deceased, Relator,

v.

The COURT OF APPEALS OF INDIANA and The Honorable Robert W. Neal, Jonathan J. Robertson and Wesley W. Ratliff, Jr., as Judges Thereof, Respondents.

No. 484S128.

Supreme Court of Indiana.

Sept. 19, 1984.

Douglass R. Shortridge, P.C., Indianapolis, Jeanne S. Miller, Miller & Miller, New Haven, for relators.

Janet Roberts Blue, Court Com'r, Court of Appeals of Indiana, Indianapolis, for respondents.

GIVAN, Chief Justice.

Following relators' oral presentations of their Petitions for Writ of Prohibition and Writ of Mandamus on April 16, 1984, this Court advised the parties that the respective petitions would be denied. Relators elected to file their petitions and the related papers with the Clerk of this Court. The actions have been consolidated, and this opinion denies the petitions for the writs.

Relator Shortridge appealed a judgment of the Marion Superior Court, Probate Division. The appeal was placed on the docket of the Second District of the respondent court pursuant to Ind.Code § 33–2.1–2–2(d). On March 5, 1984, an opinion issued in the Third District of the respondent court was handed down which affirmed the trial court. *Shortridge v. Platis*, (1984) Ind. App., 458 N.E.2d 301. Judge Hoffman of the Third District authored the opinion, in which Judge Robertson of the First District and Judge Shields of the Second District concurred.

Relator Estate of Smith was the appellee in an appeal from the Allen Superior Court. This appeal was assigned a Third District cause number pursuant to the above statute. On December 22, 1983, an opinion was handed down which reversed the trial court. The opinion was authored by Judge Neal of the First District, with concurrences by Judges Ratliff and Robertson, also of the First District.

On January 3, 1984, relator Estate of Smith filed a Motion to Set Aside Opinion for Lack of Authority of Judges. This motion was granted, and Chief Judge Buchanan entered an order withdrawing the opinion. A second opinion in the cause was handed down on March 13, 1984, *Indiana Dept. of State Rev. v. Estate of Smith*, (1984) Ind.App., 460 N.E.2d 980, with Judge Neal writing by designation and Judges Robertson and Ratliff, sitting by designation, concurring. This opinion was issued in the Third District of the respondent court and also reversed the judgment of the trial court.

Relators contend that in both cases the panels of the respondent court were not proper, and therefore the respondent judges lacked authority to enter judgment. They contend that the court exceeded its jurisdiction by transferring the cases from the statutorily-designated districts without orders or order book entries reflecting: the transfer of the cases and the reasons for the transfers; the disqualification or inability to sit of the judges in the districts to which the cases were originally assigned;

and the designation of the judges who ultimately comprised the respective panels. Relators ask this Court to vacate the opinions of the respondent court and to compel the respondent court to make order book entries reflecting inter-district transfers of cases and disqualifications and assignments of judges.

■ Prohibition will issue only upon a showing that the respondent court is attempting to act or is acting without jurisdiction. *State ex rel. Wonderly v. Allen Circuit Court,* (1980) Ind., 412 N.E.2d 1209; *State ex rel. Townsend v. Tipton Circuit Court,* (1961) 242 Ind. 226, 177 N.E.2d 590. We do not agree with relators' contention that the respondent court acted without jurisdiction.

Under Art. 7, § 6 of the Indiana Constitution, the Court of Appeals exercises appellate jurisdiction under such terms and conditions as the Supreme Court shall specify by its rules. *See also* Ind.Code § 33-2.1-3-1. This Court has invested the respondent court with jurisdiction according to subject matter in civil cases and according to sentence imposed in criminal cases as required by Art. 7, § 4 of the Indiana Constitution. Ind.R.App.P. 4. Under Art. 7, § 5 of the Indiana Constitution, the Court of Appeals consists of as many geographic districts as the General Assembly shall determine to be necessary. Ind.Code § 33-2.1-2-2 provides that the Court of Appeals shall be composed of twelve judges who serve for the hearing and decision of cases in four geographic districts.

■ Neither the Constitution nor the General Assembly provides for four separate and independent courts. This Court has specified the jurisdiction of the respondent court according to subject matter and imposed sentence, not according to particular geographic districts or particular judges or panels of judges. Contrary to relators' assertion, an inter-district transfer or change of panel within the respondent court cannot divest the court of its jurisdiction. We hold that the jurisdiction of the Court of Appeals lies with the court as a whole, not with the statutorily-designated districts or the judges thereof.

■ A Writ of Mandate will not issue unless a lower court has failed to act in the face of a clear legal duty. *State ex rel. Werthman v. Superior Court of Marion County,* (1983) Ind., 448 N.E.2d 680; *State ex rel. Pickard v. Superior Court of Marion County,* (1983) Ind., 447 N.E.2d 584. We find no legal duty compelling the respondent court to make order book entries reflecting administration of its caseload.

The Chief Justice of the State of Indiana, whenever there is a disparity between the cases in the districts of the Court of Appeals, may order a transfer of such cases from one district to the other, in order to overcome such disparity and expedite the determination of appeals. Ind.R.App.P. 4(D). A disparity between cases can also be alleviated by the Court of Appeals, which "[m]ay order the transfer of such cases as it may deem advisable from one district to another." Ind.Code § 33-2.1-2-2(d). While this statutory provision gives the Court of Appeals the power to make transfers of cases, it does not require the court to make official order book entries reflecting such transfers or the reasons for the transfers.

■ It is well settled that a court of record speaks to the world through its order book. *State ex rel. Mammonth Development v. Superior Court of Marion County,* (1976) 265 Ind. 573, 357 N.E.2d 732. However, we find no legal duty imposed on the respondent court to make official order book entries upon inter-district transfers or upon disqualification or unavailability of judges and the subsequent designation of other judges. Consequently, the respondent court has not failed to act in the face of a clear legal duty. We decline relators' request that we compel the court to make order book entries reflecting each internal action taken in the administration of its caseload.

The Petitions for Writ of Prohibition and Writ of Mandamus are hereby denied.

DeBRULER, PRENTICE and PIVARNIK, JJ., concur.

HUNTER, J., concurs in result.