## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 29 2020, 9:07 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT *PRO SE*

Luke L. Tooley, Jr.
Billerica, Massachusetts

APPELLEE *PRO SE*

Michael Ghosh
The Ghosh Law Office LLC
Carmel, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Luke L. Tooley, Jr.,<br>*Appellant-Respondent,*<br><br>v.<br><br>Michael Ghosh,<br>*Appellee-Petitioner.* | June 29, 2020<br><br>Court of Appeals Case No.<br>19A-PL-3016<br><br>Appeal from the Hamilton<br>Superior Court<br><br>The Honorable Jonathan M.<br>Brown, Judge<br><br>Trial Court Cause No.<br>29D02-1707-PL-6437 |

**Bradford, Chief Judge.**

# Case Summary

[1] At some point prior to the initiation of the underlying lawsuit, Michael Ghosh and Meleeka Clary-Ghosh divorced. Ghosh initiated a lawsuit against Clary-Ghosh and MCM Fashions, LLC ("MCM"), alleging that Clary-Ghosh had fraudulently transferred certain assets to MCM. Ghosh subsequently amended the complaint to include Luke L. Tooley, Jr.; Andrew L. Clary, Jr.; and TCD Productions, LLC ("TCD"), alleging that the additional parties participated in the fraudulent transfer of the assets. Ghosh subsequently obtained judgment liens against some of the parties, including Tooley, and petitioned for the appointment of a receiver to receive, retrieve, manage, protect, and sell all property and real estate encumbered by the liens. On December 3, 2019, the trial court granted Ghosh's petition to appoint a receiver. Tooley challenges the appointment of the receiver on appeal, arguing that the trial court abused its discretion in doing so. Concluding that the trial court abused its discretion by failing to provide Tooley with notice of the hearing on Ghosh's petition, we reverse the judgment of the trial court and remand for further proceedings.

# Facts and Procedural History

[2] The underlying facts of this case, as set forth in our recent decision in a related appeal, are as follows:

> On July 11, 2017, Ghosh filed a verified complaint ("initial complaint") against Clary-Ghosh, his former spouse, and MCM to set aside fraudulent transfers and to pierce the corporate veil/alter ego of MCM pursuant to Indiana Code chapter 32-18-

2. MCM's operating agreement shows that it is composed of Clary-Ghosh, who served as the business's registered agent, Tooley, and Clary, who is the brother of Clary-Ghosh. Schedule II of the MCM operating agreement, titled, "MEMBER INFORMATION, CONTRIBUTION & INTEREST PERCENTAGE" listed Tooley's address as follows:

Luke L. Tooley, Jr.
11 Crawfield Street
Dorchester, Massachusetts 02125

Before Ghosh and Clary-Ghosh were married, Tooley and Clary-Ghosh had children together and Ghosh and Clary-Ghosh went to Tooley's personal residence in Dorchester, Massachusetts to pick up Clary-Ghosh's daughters from their visitation with Tooley. In the initial complaint, Ghosh sought to collect on judgments that had been awarded to him against Clary-Ghosh arising out of the divorce proceedings between him and Clary-Ghosh, alleging that Clary-Ghosh fraudulently conveyed all of her property to MCM with the actual intent to hinder, delay, or defraud Ghosh. On March 8, 2018, Tooley established a revocable trust [("the Tooley Trust")] into which he subsequently transferred, among other assets, a 2000 Mercedes-Benz CLK 430, a 2002 Chevrolet Venture, a 2005 Lexus GX 470, a 2007 BMV 750i, and a 2005 Mercedes-Benz CLS 500C, vehicles that Clary-Ghosh owned and had previously transferred to MCM.

On August 27, 2018, Ghosh filed a motion for leave to amend the complaint ("amended complaint"), seeking to add three additional defendants, Tooley and Clary, in their individual capacities, and [TCD]. TCD was created by Clary-Ghosh and identified Tooley as its sole corporate manager. The trial court granted Ghosh's motion to amend on January 3, 2019. The amended complaint set forth the amounts of the judgments awarded to Ghosh as a result of the divorce proceedings between Clary-Ghosh and Ghosh, which totaled $84,567.13. It also set forth the vehicles that Clary-Ghosh owned and transferred to

MCM, which included the vehicles that Tooley had previously transferred to his revocable trust. The amended complaint sought, among other things, to hold Tooley personally liable for the judgments awarded to Ghosh against Clary-Ghosh in their divorce proceeding. Ghosh requested relief, in part, for the trial court to order Tooley personally liable for Clary-Ghosh's debts and financial obligations due and owing Ghosh and to order Tooley (along with MCM, TCD, Clary-Ghosh, and Clary) to pay Ghosh punitive damages for their malicious and/or fraudulent conduct.

Ghosh engaged a private process server to serve Tooley, a resident of Massachusetts, with the summons, amended complaint, and the order granting motion for leave to amend at the address for the residence listed in the MCM operating agreement, 11 Crawfield Street, Dorchester, Massachusetts 02125 ("11 Crawfield"). It was discovered that 11 Crawfield did not exist in Dorchester, but there was an 11 Cawfield Street, Dorchester, Massachusetts 02125 ("11 Cawfield"). Ghosh's process server made five unsuccessful attempts to serve Tooley at 11 Cawfield throughout January 2019 but eventually successfully served Tooley on February 4, 2019 at 11 Cawfield with the summons, amended complaint, and order granting motion for leave to amend. The process server noted that he left the documents at [Tooley's residence] and mailed a copy of the documents served via first class United States Mail.

On February 7, 2019, Ghosh filed a verified notice of service of process on Tooley and attached the process server's affidavit of service, which the trial court entered into its chronological case summary ("CCS"). On March 15, 2019, Ghosh filed a motion for default judgment against Tooley to which he attached an affidavit from his trial counsel in support of his motion. The affidavit indicated that Tooley was served with a copy of the summons and the amended complaint on February 4, 2019, failed to appear, plead, or defend himself before February 27, 2019, which was the deadline for Tooley to respond to the

amended complaint, and that Tooley was not currently in the armed forces of the United States.

On May 1, 2019, the trial court granted Ghosh's motion and entered a default judgment against Tooley. The trial court awarded Ghosh a judgment against Tooley in the amount of $84,567.13 plus interest, a $75,000 award of punitive damages plus interest, and attorney's fees and costs with the amount to be determined at a damages hearing.

*Clary-Ghosh v. Ghosh*, 2020 WL 2503929, at *1–2 (Ind. Ct. App. May 15, 2020) ("*Ghosh I*") (internal record quotations and citations omitted).

[3] On May 28, 2019, Tooley filed a motion to vacate the default judgment and to dismiss the matter pursuant to Trial Rule 12(b)(5) ("motion to vacate"), claiming that he never received a summons or amended complaint either by hand-delivery or through the United States Mail. *Id.* at *2. In response to Tooley's motion, Ghosh, who had been to Tooley's residence during his marriage to Clary-Ghosh, averred that Tooley resided at 11 Cawfield. *Id.* at *3. "On July 2, 2019, the trial court denied Tooley's motion to vacate, finding that Tooley was properly served and that the trial court had personal jurisdiction over Tooley." *Id.* at *2. On appeal, we affirmed the trial court's finding that Tooley was properly served with notice of the lawsuit and that the trial court had personal jurisdiction over him. *Id.* at *6. Specifically, we concluded that "the default judgment entered against Tooley is valid, and the trial court correctly denied Tooley's motion to vacate." *Id.* at *6.

[4] Contemporaneously, on May 22, 2019, after the trial court entered the default judgment against Tooley, Ghosh filed a verified petition requesting the appointment of a receiver. The trial court set receivership hearing for July 18, 2019. On July 17, 2019, Clary-Ghosh filed a notice of bankruptcy and automatic stay, listing Clary, TCD, Tooley, and the Tooley Trust as a co-debtors. The hearing on Ghosh's petition was subsequently rescheduled for September 9, 2019. The trial court subsequently postponed the hearing until either the bankruptcy automatic stay was lifted or the case was dismissed by the bankruptcy court. On November 27, 2019, the co-debtor bankruptcy stay was lifted.

[5] On December 3, 2019, the trial court conducted a hearing on Ghosh's petition, after which it granted Ghosh's request for the appointment of a receiver. In doing so, the trial court found, with respect to Tooley, as follows:

> 9. Pursuant to Ind. Code § 32-30-5-9, the Court cannot appoint a receiver until the adverse party has appeared or had reasonable notice of the application for the appointment of a receiver.
>
> ****
>
> 12. [Tooley] was served with notice of the instant cause of action on February 4, 2019 and he has filed motions in the instant cause of action, and a default judgment was entered in favor of [Ghosh] and against [Tooley] on May 1, 2019;
>
> 13. [Ghosh] served [Clary], [TCD], and [Tooley] with a copy of [Ghosh's] Verified Petition for Appointment of Receiver via U.S. Mail on May 22, 2019;

14.     Defendants [Clary], [TCD], and [Tooley] have either appeared or had reasonable notice of the application for the appointment of a receiver;

15.     It is therefore ordered that [Ghosh's] Verified Petition for Appointment of Receiver is GRANTED.  The parties are granted seven days to strike from the following panel.  Judgment Defendants [Clary], [TCD], and [Tooley] shall each strike one (1) no later than December 10, 2019, then Plaintiff shall strike one (1) no later than December 17, 2019, and the remaining individual will be appointed by the Court as the Receiver. Should a party not strike within the time allotted, the Court shall strike for them.  The panel is as follows:

    a.      James Young (Indianapolis)
    b.      Debbie Caruso (Indianapolis)
    c.      Martha Lehman (Indianapolis)
    d.      Chris Hagenow (Indianapolis)
    e.      Michael Hebenstreit (Indianapolis)

16.     The Receiver, once appointed, shall be able to receive, retrieve, manage, protect, and sell all property and real estate owned by Defendants, [Tooley] a/k/a [the Tooley Trust], [TCD] and [Clary] that are encumbered by the judgment liens of [Ghosh] and to hold the proceeds of said sales for the benefit of the parties until further order of the Court.  Said receiver for the purposes set forth herein is specifically authorized by Ind. Code § 32-30-5-7 as follows:

> "The receiver may, under control of the court or the judge: (1) bring and defend actions; (2) take and keep possession of the property; (3) receive rents; (4) collect debts; and (5) sell property; in the receiver's own name, and generally do other acts respecting the property as the court or judge may authorize."

Appellant's App. Vol. III pp. 30–31. Tooley filed a notice of bankruptcy and motion for a stay of the proceedings on December 13, 2019. On December 19, 2019, the trial court issued an order appointing Hagenow as the receiver with respect to TCD and Clary.[1]

# Discussion and Decision

[6] Tooley challenges the trial court's December 3, 2019 order, contending that the trial court abused its discretion in appointing a receiver over both his property and the property contained in the Tooley Trust. For his part, Ghosh argues that Tooley's appeal is not ripe as the matter, as it involves Tooley, was stayed when Tooley filed a notice of bankruptcy on December 13, 2019. While the trial court may not have yet appointed a specific individual to act as the receiver over Tooley's property, the trial court's December 3, 2019 order granting Ghosh's request for a receiver specifically applied to Tooley and was issued prior to Tooley's request for a stay pending bankruptcy proceedings. We therefore conclude that Tooley's challenge to the trial court's December 3, 2019 order is ripe for appeal.

---

[1] The trial court's order made no reference to Tooley, presumably due to stay requested by Tooley pending resolution of his bankruptcy proceedings.

# I. Overview of Law Relating to the Appointment of a Receiver

[7] Generally, "proceedings for the appointment of a receiver are ancillary in their nature and must be supported by a principal action." *State ex rel. Busick v. Ewing*, 230 Ind. 188, 190, 102 N.E.2d 370, 371 (1951). "Our scope of review of an interlocutory order appointing a receiver is limited." *Schrenker v. State*, 919 N.E.2d 1188, 1191 (Ind. Ct. App. 2010). "We will not weigh the evidence on appeal, and we must construe the evidence along with all reasonable inferences in favor of the trial court's decision." *In re Marriage of Gore*, 527 N.E.2d 191, 195 (Ind. Ct. App. 1988). "The appointment of a receiver is in the sound discretion of the trial court, and therefore our standard of review is that of abuse of discretion." *Id.*

[8] "[T]he appointment of a receiver is an extraordinary and drastic remedy to be exercised with great caution." *Crippin Printing Corp. v. Abel*, 441 N.E.2d 1002, 1005 (Ind. Ct. App. 1982).

> The action affects one of man's most cherished and sacred rights guaranteed by the United States Constitution—the right to be secure in his property. This right is fundamental to every society in which men are free. For these reasons the statute which grants such authority is to be strictly construed.

*State ex rel. Makar v. St. Joseph Cty. Circuit Court*, 242 Ind. 339, 347, 179 N.E.2d 285, 289–90 (1962) (footnote omitted). Quoting the Missouri Court of Appeals'

decision in *Lynch v. Lynch*, 277 S.W.2d 692 (Mo. App. 1955), we previously stated that

> The appointment of a receiver is essentially a prerogative of equity, which may be exercised as a means of conserving the property or assets for the benefit of all parties in interest. The court will be authorized to appoint a receiver if it appears that, through fraud, mismanagement, misconduct, or otherwise, there is a likelihood that the property will be squandered, wasted, misappropriated or unlawfully diverted without the court's intervention. But, absent threatened destruction or dissipation of the property, or where there is no good cause to believe that benefit would result from the appointment of a receiver, then the court should decline to make such an appointment. The power to appoint a receiver is a delicate one which is reluctantly exercised by the courts…. A receiver should be appointed only when the court is satisfied that the appointment will promote the interests of one or both parties, that it will prevent manifest wrong, imminently impending, and that the injury resulting will not be greater than the injury sought to be averted.

*Gore*, 527 N.E.2d at 196–97 (internal citations, quotations, and emphasis omitted). "The appointment of a receiver is a statutorily granted authority that must be strictly construed, and it cannot be sustained unless proper statutory grounds for the appointment are sufficiently shown." *City of South Bend v. Century Indent. Co.*, 821 N.E.2d 5, 13 (Ind. Ct. App. 2005), *trans. denied*.

[9]     Indiana Code section 32-30-5-1 provides, in relevant part, that a receiver may be appointed in the following cases:

(1) In an action by a vendor to vacate a fraudulent purchase of property or by a creditor to subject any property or fund to the creditor's claim.

**** 

(3) In all actions when it is shown that the property, fund or rent, and profits in controversy are in danger of being lost, removed, or materially injured.

****

(5) When a corporation:

    (A) has been dissolved;
    (B) is insolvent;
    (C) is in imminent danger of insolvency; or
    (D) has forfeited its corporate rights.

(6) To protect or preserve, during the time allowed for redemption, any real estate or interest in real estate sold on execution or order of sale, and to secure rents and profits to the person entitled to the rents and profits.

(7) In other cases as may be provided by law or where, in the discretion of the court, it may be necessary to secure ample justice to the parties.

However, "a receiver should not be appointed if the plaintiff has an adequate remedy at law or by way of temporary injunction." *Towne & Terrace Corp. v. City of Indianapolis*, 122 N.E.3d 846, 855 (Ind. Ct. App. 2019) (internal quotation omitted).

# II. Application to Instant Matter

## A. General Claims Regarding Tooley's Status in the Underlying Lawsuit

### 1. *Jurisdiction & Validity of Judgment Entered Against Tooley*

Tooley argues that the trial court lacks jurisdiction over him because he was never served with adequate notice or process of the underlying lawsuit. We have previously found this assertion to be without merit. *See Ghosh I*, 2020 WL 2503929, at *6 (concluding that Tooley was properly served with notice of the underlying lawsuit and that the trial court had personal jurisdiction over him). Tooley also argues that the judgment entered against him is invalid. Contrary to Tooley's argument, we concluded in *Ghosh I* that the default judgment entered against Tooley is valid. *Id.* We will not revisit either of these decisions in the instant appeal.

### 2. *Creditor-Debtor Relationship*

Tooley also argues that the appointment of a receiver would be inappropriate because he is not a debtor of Ghosh. This argument fails, however, as Ghosh holds a valid judgment against Tooley for compensatory damages in the amount of $84,567.13 plus interest and punitive damages in the amount of $75,000 plus interest. *Id.* at *2. With respect to the Uniform Fraudulent Transfer Act, the term "claim" means "a right to payment" and "debt" means "liability on a claim." Ind. Code § 32-18-2-2(2) & (4). A creditor is "a person that has a claim" and a debtor is "a person that is liable on a claim." Ind. Code § 32-18-2-2(3) & (5). As such, the entry of judgment in Ghosh's favor against

Tooley established a creditor-debtor relationship. *See generally, Stroud v. Lints*, 790 N.E.2d 440, 446 (Ind. 2003) (providing that a staggering punitive damages award traps the plaintiff and defendant forever in a creditor-debtor relationship).

## B. Order Appointing Receiver

Tooley contends that the trial court abused its discretion in granting Ghosh's petition for the appointment of a receiver. Tooley raises a number of assertions as to how the trial court abused its discretion, one of which we find dispositive.

Tooley asserts that the trial court abused its discretion by failing to provide him with notice of the December 3, 2019 hearing, during which it heard argument relating to Ghosh's petition. Generally, "[r]eceivers may not be appointed in any case until the adverse party has appeared or has had reasonable notice of the application for the appointment, except upon sufficient cause shown by affidavit." Ind. Code § 32-30-5-9. However, the Indiana Supreme Court has further held that "notice must be given of any interlocutory hearing for the appointment of a receiver." *State ex rel. Mammonth Dev. & Const. Consultants, Inc. v. Superior Court of Marion Cty.*, 265 Ind. 573, 576, 357 N.E.2d 732, 733 (1976) (citing *Hawkins v. Aldridge*, 211 Ind. 332, 340, 7 N.E.2d 34, 37 (1937) ("Where the defendants have entered a general appearance, they are entitled to be notified in person, or through their counsel, of any hearing where evidence will be taken either on the merits of the case or upon interlocutory motions or petitions.")). Given the Indiana Supreme Court's decisions in *Mammonth* and

*Hawkins*, we conclude that Tooley was entitled to notice of the hearing on Ghosh's request for the appointment of a receiver.

[14] In this case, the trial court found, and the record demonstrates, that while Tooley had been given reasonable notice of Ghosh's request for the appointment of a receiver, he had not been given notice of the December 3, 2019 hearing, during which the trial court considered Ghosh's request for the appointment of a receiver. The trial court acknowledged during the December 3, 2019 hearing that Tooley had not been given notice of the hearing. Given the Indiana Supreme Court precedent indicating that Tooley was entitled to notice of this hearing, we conclude that the trial court abused its discretion by failing to ensure that Tooley was given notice of the hearing. We therefore reverse the appointment of the receivership as it applies to Tooley and remand for a hearing on Ghosh's petition, a hearing of which Tooley should be provided with adequate notice.[2]

# Conclusion

[15] In sum, we conclude that (1) the trial court has jurisdiction over Tooley, (2) the default judgment entered against him is valid, and (3) a debtor-creditor

---

[2] Tooley also asserts that the trial court abused its discretion by extending the scope of the receivership to cover all of his property and property included in the Tooley Trust and that Ghosh failed to prove that a receivership was justified under the strict requirements of Indiana law. However, because we reverse the trial court's order appointing the receiver as it relates to Tooley, we need not consider Tooley's additional challenges to the trial court's order.

relationship exists between Tooley and Ghosh. However, we also conclude that the trial court abused its discretion by failing to provide Tooley with notice of the December 3, 2019 hearing on Ghosh's request for the appointment of a receiver. We therefore reverse the appointment of the receiver as it relates to Tooley and remand to the trial court for a hearing with specific instructions for the trial court to ensure that Tooley is provided with adequate notice of said hearing.

[16] The judgment of the trial court is reversed and remanded with instructions.

Baker, J., and Pyle, J., concur.